## STATE v. B. H. HELLEN AND ANOTHER.[1]

May 28, 1937.

No. 31,271.

*Nathan Rivkin* and *George H. Niles,* for appellants.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *M. F. Kinkead,* County Attorney, and *James F. Lynch,* Assistant County Attorney, for the State.

PER CURIAM.

Appeal from the municipal court of St. Paul by the two defendants in a criminal prosecution, defendant B. H. Hellen having been convicted and sentenced to a 90-day workhouse term and the defendant association having been fined $100.

Appellants were tried on the complaint of one McCarthy, which charged them with wrongfully, wilfully, and unlawfully engaging in a trick and device to procure money. The defendant association was organized under the laws of Iowa by defendant Hellen, who later became its president, and two others. The articles of incorporation stated among other things that the association was to promote social fellowship among its members, receive contributions, aid

[1]Reported in 273 N. W. 363.

its unfortunate members, etc. Also, among its many purposes it was to sponsor a movement to reform the federal government, to reduce taxes and governmental expenditures by abolishing "useless conditions of offices and eliminating extravagance."

At the trial it was proved that a membership was sold for one dollar, each new member being given two application blanks to secure two additional new members, the four new members each being given two application blanks and so *ad infinitum*. When each new application was accepted the member's name was placed on a list and all subsequent members' names were placed below it, and when a member's name had been advanced to the tenth multiple of two he was entitled to a prize of 50 cents for each name appearing below his.

It is at once apparent that the appellants were endeavoring to obtain money by operating a variation of what is known as the "chain letter" scheme, which pyramids small remittances from an ever-increasing membership into a central pool.

2 Mason Minn. St. 1927, § 10534, under which the complaint in this action is drawn, provides in part:

"A person engaged in practicing or attempting any trick or device to procure money or other thing of value, if such trick or device is made a public offense by any law of this state," shall be punished for vagrancy.

The state does not cite to us, nor are we able to find, any section of the statute which makes the institution and operation of a "chain letter," in any of its variations, a public offense. Assuming, as alleged by the state, that appellants had no intention of attempting to carry out the utopian purposes of the company's articles (though there is no proof that such is the case), we are of the opinion that the proof here is insufficient to cover the offense charged in the complaint, since there is no showing that the circulation of a "chain letter" or any variation of that scheme is made a public offense by the laws of this state.

The judgments are reversed.