STATE v. GEORGE B. SUMAN, *d. b. a.* SHENANDOAH RADIO STUDIO.[1]

December 31, 1943.

No. 33,489.

[1]Reported in 12 N. W. (2d) 620.

*Charles M. Bank,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, *R. S. Wiggin,* City Attorney, and *Joseph Hadley,* Assistant City Attorney, for the State.

HENRY M. GALLAGHER, CHIEF JUSTICE.

Defendant was convicted in the municipal court of Minneapolis of vagrancy, under Minn. St. 1941, § 614.57(8), (Mason St. 1927, § 10534[8]), which reads in part:

"The following persons are vagrants:

\* \* \* \* \*

"(8) A person engaged in practicing or attempting any trick or device to procure money or other thing of value, if such trick or device is made a public offense by any law of this state \* \* \*."

The evidence shows that defendant, who is engaged in the radio repair business under the trade name of Shenandoah Radio Studio, repaired a radio belonging to W. W. Welker, the complaining witness, and charged $9.55. Defendant maintains that this was a reasonable charge for the parts replaced and for his services; but the state contends that the replacements and services were worth no more than four dollars. The state contends further that defendant has been engaged in the practice of repairing radios when authorized to estimate the cost of repairs only; that he has charged for pretended repairs which were not in fact made; that he has charged exorbitant fees for slight repairs, refusing to give up possession of the radios until such fees were paid; and that these actions constitute a dishonest trick or device to procure money, which trick or device has been made a public offense by the laws of Minnesota, to-wit: larceny by false pretenses. In support of these contentions, the state called nine witnesses, who testified to having received, at the hands of defendant, treatment similar to that received by Mr. Welker.

The jury returned a verdict of guilty. Defendant's motion to set aside the verdict or for a new trial was denied, and appeal was taken to this court from the judgment of conviction.

The only question involved is whether the evidence is sufficient to sustain the verdict.

The common-law offense of vagrancy, in the exercise of the state's police power, has been enlarged by statute so as to include many acts or practices detrimental to the safety and good order of the state. The definitions of these acts or practices as laid down by the statutes must be construed strictly, and all the elements of the offense as defined must be present or a conviction cannot be sustained. 66 C. J., Vagrancy, pp. 399, 401, §§ 2 and 4; State v. Hellen, 200 Minn. 126, 273 N. W. 363. Ordinarily, a course of conduct or manner of life, rather than a single act, is necessary to give rise to this charge. 66 C. J., Vagrancy, p. 401, § 4.

Bearing in mind the applicable rules, we are of the opinion that the verdict is sustained by the evidence. The series of transactions presented by the testimony shows that defendant has established a course of conduct, a means whereby he could unlawfully obtain small sums from a great number of people. The "trick or device" employed by him was overcharging, or charging for unauthorized or unnecessary repairs. This "trick or device" is made a public offense by *Id.* § 622.01 (§ 10358), the applicable provision of which reads:

"Every person who, with intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:

"(1) Shall take from the possession of the true owner, or of any other person, *or obtain from such possession by color or aid of fraudulent or false representation or pretense,* or of any false token or writing, or secrete, withhold, or appropriate to his own use, or that of any person other than the true owner, *any money,* personal property, thing in action, evidence of debt, or contract, or article of value of any kind;

\*   \*   \*   \*   \*

"Steals such property, and shall be guilty of larceny." (Italics supplied.)

All the elements of the offense of vagrancy as defined in the statute being present, the evidence is sufficient to sustain the verdict of the jury, and the judgment of the municipal court should be affirmed.

Judgment affirmed.