Hillsborough,
No. 4288.

THE WHITE MOUNTAIN FREEZER COMPANY, INC.

*v.*

ROLAND LEVESQUE & a.

Argued March 4, 1954.

Decided April 21, 1954.

*Clancy & O'Neill* (*Mr. Clancy* orally), for the plaintiff.

*J. Leonard KillKelley* for the defendant Labrie.

*Leonard G. Velishka* for the defendant Lapin.

*J. Leonard Sweeney* and *Robert H. Temple* for the defendant Levesque; *Mr. Temple* orally, for all defendants.

DUNCAN, J.   There was evidence to warrant the finding and ruling of the Trial Court that the way was a public highway by prescription.   "To establish a highway by prescription it must appear that the way was used by the general public continuously without interruption for a period of twenty years [R. L., *c.* 90, *pt.* 1, *s.* 1, as inserted by Laws 1945, *c.* 188] under a claim of right without the permission of the owner." *Wason* v. *Nashua*, 85 N. H. 192, 198; *Windham* v. *Jubinville*, 92 N. H. 102; *Blake* v. *Hickey*, 93 N. H. 318.   The road was a well defined road which provided access from one main road to another and connected with a road to Half Moon Pond.   It had been used at various times for access to a brickyard, a sawmill and a slaughterhouse, and to haul logs, lumber, sawdust, hay and ice.   Fishermen, hunters and berry pickers used it as well as property owners and others in their right.   It could be found the use made was a public use, and no "claim of right in words, or a declaration that the use [was] adverse" was required. *Smith* v. *Putnam*, 62 N. H. 369, 372.   See also, *Gowen* v. *Swain*, 90 N. H. 383.   4 Tiffany, Real Property, (3d *ed.*) *s.* 1214; *Jean* v. *Arsenault*, 85 N. H. 72.   *Cf.* 4 Tiffany, *supra, s.* 1197.   The burden of showing that the use was permissive was cast upon the defendants (*Gowen* v. *Swain, supra*) and that fact was not conclusively established.

The Court found that gates and bars which existed at some time prior to interruption of the use by the defendants "were present for the purpose of containing cattle and other animals in their respective pasturing areas and not to bar the public from use of the road."   This was a permissible finding upon the evidence and not inconsistent with the ruling that a prescriptive right was acquired by the public. *Windham* v. *Jubinville, supra*; R. L., *c.* 90, *supra, pt.* 5, *s.* 18.

A public way may not be extinguished by adverse use (*Windham* v. *Jubinville, supra,* 104), and the Court's finding that "the prescriptive right had been established prior to [the] time" of "extraction of payment by the defendant Lapin for use of the road traversing the Lapin property" disposes of the claim that the

conduct referred to constituted an interruption of the required period of use. *Blake* v. *Hickey, supra,* 321.

The finding that "the cutting of small trees and brush along the sides of the highway by the concern trucking the logs was . . . required . . . to render it suitable for passage" justified the Court's refusal to award the defendants damages on account of the cutting. *State* v. *Morse,* 50 N. H. 9, 20. See also, *Blake* v. *Hickey,* 93 N. H. 318, 321, *supra; Hoban* v. *Bucklin,* 88 N. H. 73, 79.

The fact that the plaintiff by a deed which it gave in 1888 to a predecessor in title of the defendant Labrie had reserved a right of way to itself and its agents to go "on over and across said . . . premises as they may deem necessary" does not preclude assertion of its claim to use the highway in question as a member of the public, since it appeared that the way reserved followed another course. The fact that both ways crossed the same property, or that they coincided at some point, if they did, cannot diminish the plaintiff's rights. See 3 Tiffany *supra, ss.* 821, 823.

The plaintiff suffered special injury and is therefore entitled to maintain its private action. *Smith* v. *Putnam,* 62 N. H. 369, 373, *supra. Cf. Currier* v. *Davis,* 68 N. H. 596.

The exception of the defendant Labrie to the inadequacy of the damages awarded him presents no question of law. The damages awarded were for trespass in changing the course of the established highway over his land. The Court properly found and ruled that other damages sought were "remote and uncertain of ascertainment as the contemplated undertaking [to raise cucumbers] was never even started." The claims of the two other defendants with respect to trespass turn upon the right of the plaintiff to make the highway suitable for passage, and are disposed of by the finding that the cutting was necessary for this purpose. The findings, rulings, and decree are sustained.

*Exceptions overruled.*

All concurred.