Merrimack,
No. 5042.

STATE *v.* JANE DOE.

Argued May 1, 1962.
Decided June 5, 1962.

*William Maynard*, Attorney General, and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the State.

*Upton, Sanders & Upton* (*Mr. Gilbert Upton* orally), for the defendant.

KENISON, C. J. The defendant was charged with violating RSA 570:25 (supp) (Laws 1959, 5:2) which reads as follows: "570:25 VAGABONDS, ETC. A vagabond or disorderly person, a person going about begging, a person using any unlawful game or play, a person pretending to have knowledge in physiognomy or palmistry, a person pretending for money, to tell destinies or fortunes or to discover by any spell or secret art where lost or stolen property may be found, a common drunkard, pilferer, or person wanton and lascivious in speech or behavior, shall be fined not more than one hundred dollars, or imprisoned not more than six months, or both."

It will be observed that this statute combines a wide ambit of criminal prohibitions ranging from the art of telling fortunes to the status of being a common drunkard. It is "one of those dragnet laws" (*People* v. *Tylkoff*, 212 N. Y. 197, 201) which only recently have been subject to critical examination. *In re Newbern*, 53 Cal. 2d 786; note, The Vagrancy Concept Reconsidered: Problems and Abuses of Status Criminality, 37 N. Y. U. L. Rev. 102 (1962); Lacey, Vagrancy and Other Crimes of Personal Condition,

66 Harv. L. Rev. 1203 (1953). It is significant that the American Law Institute has reduced the overlap of disorderly conduct offenses and eliminated some of the vagueness that exists generally in disorderly conduct statutes today. Model Penal Code, s. 250.1, comments 1 to 7 (Tent. Draft No. 13, 1961); Model Penal Code, s. 250.2 (Proposed Official Draft, May 4, 1962).

Disorderly conduct or the crime of being a disorderly person is not a common-law offense. *State* v. *Suman*, 216 Minn. 293; 2 Wharton, Criminal Law and Procedure, s. 805 (1957). Our statute (RSA 570:25 (supp)) does not define what constitutes a disorderly person but while this may not make it vulnerable to constitutional attack, it does point up the necessity for an indictment or criminal complaint which clearly apprises the defendant of the specific crime involved among the many enumerated in the statute. Support for that view is found in *State* v. *Peirce*, 43 N. H. 273, 275, where it was held that a complaint which merely charged the defendant with rude and indecent conduct was insufficient under a statute (RSA 570:1) which prohibited "rude, indecent, or disorderly conduct" without defining it. There are cases where the crime has a well-defined meaning and a complaint in the words of the statute will be sufficient such as a complaint for making a brawl. *State* v. *Perkins*, 42 N. H. 464; *State* v. *Rollins*, 55 N. H. 101.

In the present case the defendant knew that she was charged with some violation of RSA 570:25 (supp) but the complaint contains language of two separate and distinct criminal offenses under this statute. One of the offenses with which she was charged was that of being a disorderly person. The other offense with which she was also charged was wanton and lascivious behavior. While the same factual situation may constitute more than one crime (*State* v. *Harlan*, 103 N. H. 31), the defendant is entitled to know from the complaint which offense the State seeks to charge. *State* v. *Mealey*, 100 N. H. 228, 232. This is particularly necessary in the present case where we are dealing with a statute which enumerates several offenses, some of which it does not define and others of which penalize a status. *Cf. Thompson* v. *Louisville*, 362 U. S. 199.

The exception to the denial of the motion to quash is sustained because of the uncertainty of the offense charged by the complaint. Whether the complaint alleges conduct which constitutes wanton and lascivious behavior within the meaning of RSA 570:25 (supp)

is a question unnecessary to decide. *Cf. Chicago* v. *Murray*, 333 Ill. App. 233.

*Exception sustained.*

All concurred.