Salem Municipal Court,
No. 5233.

STATE *v.* NATHAN E. WEBSTER.

Argued May 5, 1964.

Decided June 2, 1964.

*William Maynard*, Attorney General and *George L. Manias*, Assistant to the Attorney General (*Mr. Manias* orally), for the State.

*John B. Ford* (by brief and orally), for the defendant.

WHEELER, J. The complaint charged that the defendant while operating his motor vehicle on a public way "knowing that injury had been caused by him to a person or to property, did fail to bring his vehicle to a stop, return to the scene of the accident and give to the party whose person or property was injured, his name and address, the number of his drivers license, the registration number of the motor vehicle, and the name and address of each occupant thereof."

The pertinent provisions of RSA 262-A:67 (supp) provides: "Any person who is the operator of a motor vehicle who is knowingly involved in any accident which results in death, personal injury or damages to property, shall forthwith bring his vehicle to a stop, return to the scene of the accident, give to the operator of any other vehicle involved in said accident, and to the person injured, or the owner of the property damaged, his name and address, the number of the driver's license, the registration number of the motor vehicle and the name and address of each occupant thereof."

The penalty for violating the provisions relating to injury to property, or relating to the report to be made thereof is a fine of not more than $500, and for violating the provisions applicable when death or personal injury results is not more than $1,000 fine or imprisonment for not more than three years, or both. RSA 262-A:69 (supp).

The defendant contends that the complaint is constitutionally defective in that it does not "fully and plainly, substantially and formally, describe to him" the offense with which he is charged. Pt. I, *Art.* 15th, N. H. Constitution.

Most courts including our own have long ago discarded the ancient Anglo-Saxon idea of technical rules of pleading in both civil and criminal cases adopted centuries ago. A complaint or indictment meets constitutional requirements of modern criminal procedure if it informs the defendant of the nature and cause of the accusation with sufficient definiteness so that he can prepare for trial. To be valid a complaint or indictment need not conform to "a scientific system of allegations." *State* v. *Ball*, 101 N. H. 62, 63; *State* v. *Clapp*, 94 N. H. 62; *State* v. *Story*, 97 N. H. 141, 146.

In indictments or complaints created by statute it is in general sufficient to describe the offense in the words of the statute. *State* v. *Yell*, 104 N. H. 87. But a complaint so drawn does not always meet the constitutional requirements that a fair and full description of the offense must be alleged. *State* v. *Gilbert*, 89 N. H. 134.

"The salutary progress made by modern courts in dispensing with many of the technicalities and prolixities which characterized indictments at early common law does not, however, dispense with the requirement that an indictment shall fully state all of the essential elements of the offense charged" with sufficient definiteness so that he can prepare for trial. *State* v. *Goodwin*, 101 N. H. 252, 254.

The defendant here is charged disjunctively with "knowing that injury had been caused by him *to a person or to property.*" (Emphasis supplied). A conviction of the former charge carries a maximum penalty of $1,000 fine or imprisonment for not more than three years, or both, whereas a conviction of the latter offense carries a maximum penalty of $500. He is thus faced with the dilemma of defending against a charge of committing either a misdemeanor or a felony or both. *State* v. *Mealey*, 100 N. H. 228, 232. See *State* v. *Jane Doe*, 104

N. H. 172. Additionally, the action was instituted by complaint in the municipal court, the jurisdiction of which is limited to crimes "punishable by a fine not exceeding five hundred dollars or imprisonment not exceeding one year, or both" (RSA 502: 18 (supp)), while if the offense intended to be charged arose out of injury to a person, it is a felony, triable only upon indictment. RSA 601:1.

The defendant is entitled to have the offense with which he is charged alleged with greater definiteness than appears in this complaint, in order that he may properly prepare his defense, and to protect him from later prosecution in the event of conviction. *State* v. *Mealey, supra.* The State holds a two-edged sword and in order to fend its thrust the defendant is entitled to have the offense more "fully and plainly" described.

*Complaint quashed.*

All concurred.