Strafford,
No. 5577.

STATE *v*. ARTHUR J. HARVEY.

Argued March 8, 1967.
Decided April 28, 1967.

140

*George S. Pappagianis,* Attorney General and *Norman E. D'Amours,* Assistant Attorney General ( *Mr. D'Amours* orally ), for the State.

*Arthur J. Harvey* ( by brief and orally ), pro se.

KENISON, C. J. The statute under which the defendant was convicted reads in pertinent part as follows: " 286.2 THEATRICALS; PARADES; MEETINGS. No theatrical or dramatic representation shall be performed or exhibited, and no parade or procession upon any public street, or way, and no open-air public meeting upon any ground abutting thereon, shall be permitted, unless a special license therefor shall first be obtained from the selectmen of the town . . . . " This statute was originally passed in 1850 ( Laws 1850, *c.* 971 ) and was last amended in 1919. Laws 1919, 150:1. The defendant contends the statute is unconstitutional primarily because it interferes with the constitutional right to travel and unnecessarily inhibits the right of free speech and the right of people to assemble in an orderly and peaceable manner and to " consult upon the common good. " N. H. Const., Pt. I, *Art.* 32d. The defendant is aware that *State* v. *Cox,* 91 N. H. 137, which was affirmed by the Supreme Court of the United States in *Cox* v. *New Hampshire,* 312 U. S. 569, is authority against his contentions. The statute was held constitutional both by this court and the Supreme Court of the United States because of the construction placed on the statute by this court in the cited case in 1940. While the statute on its face would appear to give municipal authorities free rein in granting or denying a permit to parade, the construction placed on the statute was very much more limited. " The discretion thus vested in the [ licensing ] authority is limited in its exercise by the bounds of reason, in uniformity of method of treatment upon the facts of each application, free from improper or inappropriate considerations and from unfair discrimination. A systematic, consistent and just order of treatment, with reference to the convenience of public

use of the highways, is the statutory mandate. " *State* v. *Cox,* 91 N. H. 137, 143.

We adhere to our previous view that this statute is valid and constitutional and if properly enforced and administered violates no constitutional rights. Frequently overlooked is the following limitation placed on the construction and administration of RSA 286.2. " It is thought significant that the act prescribes no measures for controlling or suppressing the publication on the highways of facts and opinions, either by speech or by writing. Communication by the distribution of literature or by the display of placards and signs is in no respect regulated by it. The regulation, in respect to highways, is only of parades and processions in their generality. Freedom of publication by speech or writing is under no restraint. The act is applicable only to organized formations of persons using the highways. The defendants separately, or collectively in groups not constituting a parade or procession, are under no contemplation of the act. " *State* v. *Cox, supra,* 145.

It is apparent from the above quotation that this constitutional and valid statute can be administered in a manner that makes its application unconstitutional. The fragmentary nature of the record does not enable us to determine whether the statute was unfairly applied against the defendant. This is so because we do not know whether the defendant's conviction was based on the ordinance of the town of Durham, which has not been made an exhibit in this case, or whether the conviction is based on the lack of a license to parade which is not even mentioned in the complaint. In any event, we do not pursue the matter further by way of speculation ( see *State* v. *Harvey,* 106 N. H. 446 ) since the conviction should be reversed for another reason.

When the case was on appeal in the Superior Court, Chief Justice *Leahy* stated that " the complaint appears to be vague. " We think this statement is correct and most pertinent to the disposition of this case. It is settled law in this state that it is generally sufficient to describe a statutory crime in the words of the statute. *State* v. *Goodwin,* 101 N. H. 252, 253; *State* v. *Yell,* 104 N. H. 87, 88; *State* v. *Panichas,* 107 N. H. 359, 362. There are exceptions to this rule which occur more often in felony cases than in misdemeanor cases. *State* v. *Gilbert,* 89 N. H. 134; *State* v. *Silverman,* 76 N. H. 309. Even if the general rule is applied

in this case, the complaint is vague and fails to state an offense either in the terms of an ordinance or a statute. It is to be noted that nowhere in the complaint is it stated that the defendant engaged in a parade without " a special license " which is an essential part of the statute ( RSA 286:2 ), the violation of which must be alleged. In this connection it may be noted that the complaint is substantially less specific than that recommended in Law Enforcement Manual ( 1st *ed.* 1959 ), *p.* 137.

We conclude that the complaint was vague and insufficient and that the conviction should be reversed for that reason.

*Complaint dismissed.*

All concurred.