Hillsborough
No. 6983

STATE OF NEW HAMPSHIRE

v.

JULIA ANNE HORAN

January 31, 1975

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*New Hampshire Civil Liberties Union, Inc. (Mr. Richard S. Kohn),* by brief and orally, for the defendant.

DUNCAN, J. This is an appeal to the superior court from a conviction by the Goffstown District Court on a complaint charging the defendant with an offense under the Controlled Drug Act. RSA ch. 318-B (Supp. 1973). The defendant was sentenced to probation for one year. In the superior court, the defendant moved to dismiss on the ground that RSA 318-B:26 II (b) is unconstitutional because in violation of both State and Federal Constitutions, and because the complaint failed to charge that the defendant was engaged in any illegal conduct. The motion was denied by *Flynn,* J., subject to the defendant's exception, which was reserved and transferred to this court in advance of a trial de novo.

The argument of the defendant in this court is directed solely to the issue of the constitutionality of the cited subsection of the drug act, which provides as follows: "II. Any person who: ... (b) Is in the company of a person knowing that said person is illegally in possession of a controlled drug, shall be guilty of a misdemeanor."

Although the defendant's motion to dismiss, filed in advance of trial in the superior court, alleges that she was arrested on a

charge of "being in the company of persons knowing that said persons are illegally in possession of a controlled drug", the record does not bear this out. The complaint alleged that the defendant did commit the offense of "Being Knowingly Present with a Controlled Drug contrary to RSA 318:B-26-II-b . . . in that [she] did knowingly remain in the presence of a controlled drug, to wit, marijuana . . . ."

While no transcript of testimony is before us, it apparently is not disputed that the complaint was based upon the defendant's presence in an automobile with three other persons, two of whom were charged with possession of marijuana. RSA 318-B:26 II (a) (Supp. 1973) makes it a misdemeanor for a person to be "present where he knows a controlled drug is illegally kept or deposited"; but it is not claimed that the defendant was charged with this offense, nor was this provision of the statute relied upon by the complaint.

The allegation was that the defendant "did knowingly remain in the presence of a controlled drug", not that she was "in the company of a person knowing that said person [was] illegally in possession of a controlled drug". § 26 II (b). Neither was it alleged that she was knowingly present where a controlled drug was "illegally kept or deposited". § 26 II (a); *see State v. Harvey,* 108 N.H. 139, 229 A.2d 176 (1967); *State v. Webster,* 105 N.H. 415, 418, 200 A.2d 856, 858 (1964); *State v. Jane Doe,* 104 N.H. 172, 181 A.2d 645 (1962).

On such a record, we are not called upon to determine the constitutionality of the provision which makes it a misdemeanor to be "in the company" of a person in possession of a controlled drug, knowing this to be so. *See Commonwealth v. Tirella,* 356 Mass. 271, 249 N.E.2d 573 (1969). Since the complaint failed to charge the defendant with an offense under the provision of the law relied upon, it should be dismissed upon the alternative ground stated by her motion, namely that the complaint failed to allege illegal conduct. *State v. Harvey,* 108 N.H. 139, 229 A.2d 176 (1967).

*Complaint dismissed.*

All concurred.