Nashua District Court
No. 7513

STATE OF NEW HAMPSHIRE

v.

YVES TARDIFF

January 31, 1977

*David H. Souter,* attorney general, and *Edward N. Damon,* assistant attorney general (*Mr. Damon* orally) for the state.

*Kevin F. Sullivan,* of Nashua, by brief and orally, for the defendant.

BOIS, J.   The defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor, second offense, RSA 262-A:62 (Supp. 1975). The defendant having agreed to findings of operation while under the influence and to the prior conviction as charged, the trial was limited to the question of whether the defendant was operating "upon any way" as required by statute.

The undisputed findings of the trial court show that the defendant operated a motor vehicle while intoxicated upon a privately owned and maintained road in a trailer park. The road in question is the main service road, and has been open to all vehicular traffic within or servicing the park for more than twenty years. The court found the evidence insufficient to warrant findings "that the road was a public highway laid out in the mode prescribed by statute; constructed on land conveyed to the Town . . .; dedicated to the public use or accepted by the Town . . .; used for public travel for twenty years; a way provided and maintained by public institution to which state funds are appropriated for public use; or a public

or private parking lot which was maintained primarily for the benefit of paying customers."

At the close of the evidence, defendant's motion to dismiss for failure to prove an essential element of the case was denied and exception noted. After conviction, defendant's motion to set aside the verdict was denied and exception noted. The District Court (*Harkaway*, J.) transferred all questions of law raised by these. exceptions.

The question posed is whether the district court was correct in finding that the trailer park road constituted a "way."

█ In construing the meaning of "way" as used in RSA 262-A: 62 (Supp. 1975) we must refer to the statutory definition in RSA 259:1 XXXV (Supp. 1975). This definition is made applicable by RSA 259:1 (Supp. 1975) "unless a different meaning is clearly apparent from the language or context, or is otherwise inconsistent with the manifest intention of the legislature." We have previously relied upon the statutory definition of way. *State v. Crockett*, 116 N.H. 324, 358 A.2d 414 (1976); *State v. Rosier*, 105 N.H. 6, 191 A.2d 526 (1963); *State v. Cardin*, 102 N.H. 314, 156 A.2d 118 (1959); *see State v. Gallagher*, 102 N.H. 335, 156 A.2d 765 (1959). RSA 262-A:84 evidences that the legislature has a clear awareness of the general applicability of the statutory definition of way to the various provisions (including the prohibition of driving while intoxicated) which make up the "Rules of the Road." *State v. Gallagher supra.*

The statute defines "way" as: "[A]ny public highway, street, avenue, road, alley, park or parkway, or any private way laid out under authority of statute, and ways provided and maintained by public institutions to which state funds are appropriated for public use, or any public or private parking lot which is maintained primarily for the benefit of paying customers." RSA 259:1 XXXV (Supp. 1975). While conceding, in view of the trial court's findings, that the road in question does not amount to a "public highway" as that term is defined in RSA 230:1 (Supp. 1975), the state argues that it amounts to a "public . . . road." It contends that under elementary rules of statutory construction every word of RSA 259:1 XXXV (Supp. 1975) must be given effect, and that the term "public road" cannot be equivalent to the term "public highway" nor can "highway" be construed merely as a more general and more inclusive word than "road." The state would have us hold that "public road" includes the trailer park road here.

■ We agree that, if possible, every word of a statute should be given effect. We would be prepared to hold that the legislature in reciting the various types of thoroughfares in the definition of way, intended to include all the distinctions therein enumerated (as, for example, the distinction between a road and a street.) *See* 1 W. Elliott, Roads and Streets §§ 1–14 (1926); 39 Am. Jur. 2d *Highways, Streets and Bridges* §§ 1–12 (1968). The difficulty is with the question whether or not the road in question is "public" in nature. The court found the road was privately owned and maintained, and that it had not been used for public travel for twenty years. The state relies on the finding that it has been open to all vehicular traffic within or servicing the park for more than twenty years and further that RSA 205-A:2 IV (Supp. 1975) guarantees residents access to those delivering or otherwise supplying goods or services. The question is whether these elements are sufficient to make this otherwise private road public in nature.

■ "If [a road] is free and common to all the citizens, then . . . it is a public road." 1 W. Elliot, Roads and Streets § 13, at 14–15 (1926); *see O'Sullivan v. Brown,* 171 F.2d 199 (5th Cir. 1948); *Robinson v. Faulkner,* 163 Conn. 365, 306 A.2d 857 (1972); *Dayton Township v. Brown,* 445 S.W.2d 322 (Mo. 1969); *White Mountain Co. v. Levesque,* 99 N.H. 15, 104 A.2d 525 (1954). The court found the road had not been used by the public for twenty years and rights of use are limited to the residents of the park and those servicing the residents. Under these circumstances, we conclude that the road has maintained its private character.

■ The state argues that this conclusion is not sound, inasmuch as "[c]onsiderations of public safety apply equally or more forcefully within the confines of a privately owned trailer park as on the main roads and highways. . . ." This argument has merit but the fact is that it is for the legislature, not the courts, to determine the needs of public safety and to legislate accordingly. "The growing practice of banks, supermarkets, and amusement centers and other organizations to maintain large parking facilities for public convenience although privately owned, is an added reason why the statute should not be restricted in scope in the absence of a clear legislative intent to do so. It is as necessary to public safety that an accident occurring on private property used by a large number of individuals be reported as in the case of an accident on a public way." *State v. Gallagher,* 102 N.H. 335, 338, 156

A.2d 765, 768 (1959). The legislature may wish to reexamine this question. We hold that under the statute as presently worded, the state has failed in its proof of an essential element of the offense.

*Exception sustained.*

DOUGLAS, J., did not sit; the others concurred.