Merrimack
No. 6749

STATE OF NEW HAMPSHIRE

v.

GERARD J. BEAN, JR.

March 31, 1977

*David H. Souter,* attorney general, and *Gregory H. Smith,* assistant attorney general (*Mr. Smith* orally) for the state.

*Robert R. Renfro,* of Portsmouth, by brief and orally, for the defendant.

BOIS, J. Defendant was charged by indictment with the crime of attempted statutory rape under former RSA 585:16, which provided:

> If any person shall ravish and carnally know any woman, committing carnal copulation with her by force, against her will, or if any man shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, he shall be imprisoned not more than thirty years.

The charging portion of the indictment alleged that the defendant "did feloniously attempt to carnally know and abuse . . ., a woman child under the age of 16 years, to wit, age 9 . . . ." We hold that the indictment was defective for failure to allege an overt act. The charge is but a recitation of the words of the former statute.

The defendant, by motion to quash, attacked the sufficiency of the indictment for vagueness and indefiniteness, alleging that it did not fully set forth any offense and did not fully apprise him of the offense charged. The motion was denied and a trial by jury resulted in a verdict of guilty. All questions of law raised were reserved and transferred by *Flynn*, J.

Events surrounding the alleged incident of attempted rape are not entirely clear. The victim was a nine-year-old girl whose testimony, corroborated by other persons in the house where the alleged attempt took place, led to the defendant's conviction. The defendant testified that he was intoxicated at the time, that he had passed out, and that he had no recollection of the incident.

Three issues are raised on appeal: (1) The indictment was legally insufficient and defendant's motion to quash should have been granted for failure to allege an overt act; (2) the conviction must be set aside because the prosecution failed to prove the victim was under the statutory age of consent and; (3) the verdict must be set aside because of a variance between the actual name of the young girl and the name of the victim as stated in the indictment.

We consider first the issue of whether the indictment is insufficient in its failure to allege an overt act.

Generally, indictments which charge a crime in the language of the statute are sufficiently specific. 2 Wharton, Criminal Procedure § 289 (12th ed. 1975). However, this general rule has no application where the indictment charges an attempt to commit a crime. "Attempt" is an indefinite term, embracing an inchoate offense. For this reason it is necessary that an indictment charging an attempt allege both an intent to commit and an overt act in furtherance of the crime. It is not sufficient to allege merely that the defendant "unlawfully and feloniously" did attempt to commit a rape, by then and there attempting carnally to know the prosecuting witness, because such a charge does not set forth any physical act done towards the commission of the offense. 65 Am. Jur. 2d *Rape* § 47 (1972); 75 C.J.S. *Rape* § 41 (1952); *see* 2 Wharton, *supra* at § 286.

In *State v. Webster*, 105 N.H. 415, 417, 200 A.2d 856, 858 (1964), this court noted: "In indictments or complaints created by statute it is in general sufficient to describe the offense in the words of the statute. But a complaint so drawn does not always meet the constitutional requirements that a fair and full description of the offense

must be alleged." *See State v. Gilbert,* 89 N.H. 134, 194 A. 728 (1937).

■ The state properly notes that this court has recognized that indictments need not conform to the highly technical, artificial and prolix requirements of formal pleadings. *State v. Webster,* 105 N.H. at 417, 200 A.2d at 857–58. RSA 601:8 indicates the clear intent of the legislature that indictments should not be quashed "for any error or mistake where the person or case may be rightly understood by the court, nor through any defect or want of form or addition . . . ." However, such "curative statutes" are meant only to prevent technical defects or imperfections in matters of form from frustrating the orderly administration of justice. "This type of statute allows the court to disregard only 'a defect or imperfection in matter of form'; the court may not disregard a defect in respect of a matter of substance, such as an accusation's failure to allege every fact necessary to constitute an offense, or a failure to describe the offense with such definiteness and certainty as fully to apprise the defendant of the nature and cause of the charge against him so that he can prepare to meet it at trial." 2 Wharton, *supra* at § 376.

■ Statutory law in New Hampshire mandates that no person be tried for any offense punishable by imprisonment for more than one year "unless upon an indictment found against him by the grand jury of the county in which the offense is committed or is triable." RSA 601:1. The provision should be considered in conjunction with part I, article 15 of the New Hampshire Constitution, which provides that: "No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him . . . ." The allegations in an indictment must inform the defendant of the offense with which he is charged with sufficient specificity so that he knows what he must be prepared to meet and so that he is protected from being twice put in jeopardy. *State v. Inselburg,* 114 N.H. 824, 827, 330 A.2d 457, 459 (1974). Where an indictment fails to "fully and plainly, substantially and formally" describe an offense to the defendant, it does not meet constitutional standards. *State v. Webster,* 105 N.H. at 417, 200 A.2d at 857; *State v. Harvey,* 108 N.H. 139, 229 A.2d 176 (1967); *State v. Inselburg,* 114 N.H. at 829, 330 A.2d at 460.

Massachusetts has held that "[a] charge of an attempt should

set forth in direct terms that the defendant attempted to commit the crime, and should allege the act or acts done toward its commission." *Commonwealth v. Gosselin*, 309 N.E.2d 884, 888 (Mass. 1974). In *Maxie v. State*, 330 So. 2d 277 (Miss. 1976), the Mississippi Supreme Court found fatally defective an indictment charging that the defendant "did unlawfully, wilfully, feloniously and forcibly attempt to rape and ravish . . . , a female above the age of twelve years . . . ." The Mississippi Court held that the indictment must set forth two elements: (1) the intent to commit the offense, and (2) an overt act towards its commission. *See also State v. Miller*, 252 A.2d 321 (Me. 1969).

The motion to quash in the instant case was founded on a defect rendering the indictment insufficient and should have been granted.

Because of our holding in favor of the defendant we need not consider the other two issues raised on appeal.

*Defendant's exception as to the sufficiency of the indictment sustained.*

All concurred.