Keene District Court
No. 82-565

THE STATE OF NEW HAMPSHIRE

v.

THOMAS E. SMITH

December 12, 1983

*Gregory H. Smith*, attorney general (*Amy L. Ignatius*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, and *Joanne S. Green*, assistant appellate defender, of Concord (*Mr. Duggan* on the brief and *Ms. Green* orally), for the defendant.

KING, C.J. The question presented is whether a district court order requiring a juvenile to pay restitution can be enforced after

the juvenile's nineteenth birthday. We treat this "interlocutory transfer with ruling" made by the district court as an interlocutory appeal. We hold that a district court, under RSA chapter 169-B (Supp. 1981), lacks jurisdiction to enforce a prior juvenile order against a nineteen-year-old defendant. We reverse and remand.

The defendant, Thomas E. Smith, on February 26, 1981, was sentenced as a juvenile delinquent in the Keene District Court (*Davis*, J.) for an incident which occurred while the defendant was seventeen years old. The defendant was eighteen years old at the time of disposition. The sentence included probation until December 26, 1981, which was the date of the defendant's nineteenth birthday, and restitution of $377.60.

On December 26, 1981, the Keene District Court terminated the defendant's probation but did not change the restitution order. Within the ten-month probation period prior to the court's termination of probation, the State had not moved to force the defendant to pay restitution. A violation of probation report was filed on February 1, 1982, by the defendant's probation officer, alleging that the defendant had failed to pay any restitution. On February 18, 1982, the district court ordered the defendant to pay fifty dollars a week in restitution beginning February 21, 1982. The district court also ruled that failure by the defendant to make restitution would result in his commitment until payment was made. On April 22, 1982, the district court ordered the defendant committed until the entire restitution was paid.

An adult order of commitment was issued on August 5, 1982, against the defendant for violation of probation. In accordance with this order, the defendant was incarcerated on September 22, 1982, in the Cheshire County House of Correction for failure to pay restitution. The district court, on October 7, 1982, denied the defendant's motion to terminate the jurisdiction of the court. The defendant argued that RSA 169-B:4 (Supp. 1981) required the commitment order to be dismissed for lack of jurisdiction.

This is an interlocutory appeal from the ruling of the district court upholding its jurisdiction to enforce a juvenile restitution order against a nineteen-year-old defendant. *See* Sup. Ct. R. 8. The defendant has been released from incarceration pending our determination of the following question proposed by the district court:

> "Does the District Court retain contempt jurisdiction over a person who is nineteen years of age where the original jurisdiction was obtained while said person was seventeen years old under RSA 169-B, so that if the original juvenile sentence is not fulfilled, the District Court can hold said

person in contempt, regardless of the fact that the Court's juvenile jurisdiction has terminated?"

The district court raises the issue whether it retains contempt jurisdiction over the nineteen-year-old defendant. However, the district court never invoked its contempt power to force the defendant to pay restitution. Therefore, we need not address the question whether the district court could exercise its civil or criminal contempt power to enforce a restitution order against a juvenile defendant after the juvenile has attained adulthood.

RSA 169-B:4 (Supp. 1981) provides, in pertinent part, that

"[t]he court shall have jurisdiction over any person with respect to whom a petition is filed under this chapter after his eighteenth and before his nineteenth birthday for an alleged delinquency offense committed before his eighteenth birthday. . . . Jurisdiction obtained by a court over a person under this section and *all orders affecting him then in force,* unless terminated prior thereto by the court, *shall terminate when the person reaches 19 years of age.*"

(Emphasis added.)

■■ Our inquiry requires us to determine the legislative intent behind RSA 169-B:4 (Supp. 1981). *Corson v. Brown Prods. Inc.,* 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). We begin with an examination of the language of the statute. *State Employees' Ass'n of N.H. v. Bd. of Trustees,* 120 N.H. 272, 273, 415 A.2d 665, 666 (1980). This court will give the words of the statute their plain and ordinary meaning. *See* RSA 21:2.

■■ The plain meaning of RSA 169-B:4 (Supp. 1981) indicates that the legislature intended to terminate a court's jurisdiction over a juvenile when the person reaches age nineteen. The statute is clear that the legislature never intended to grant the district court the discretionary authority to extend its jurisdiction to reach adults who did not comply with probation orders issued against them when they were juveniles. This interpretation is consistent with the language of RSA 169-B:19 (Supp. 1981), which provides that any jail term for a minor "may not extend beyond his nineteenth birthday."

Here, the district court incarcerated the defendant after his nineteenth birthday for violating an order which by statute, RSA 169-B:4 (Supp. 1981), terminated when the juvenile defendant became nineteen. Indeed, the district court appeared to recognize the statutory limitation on its jurisdiction when, in its original order, it limited the term of the defendant's probation to the period prior to his nineteenth birthday.

We find additional guidance in RSA 169-B:2, V(d) (Supp. 1981), which enables a court to remedy violations of probation only "during the period of probation." Therefore, unless a petition alleging a violation of probation is filed by the State within the juvenile's probationary period, the district court lacks jurisdiction to enforce a probation order. Here, by the district court's order, the defendant's term of probation ended December 26, 1981. The State did not file a violation of probation report within the defendant's probationary period. In fact, the State did not allege that the defendant had violated the terms of his probation until February 1, 1982, five weeks after the court's jurisdiction had lapsed by statute. Thus, the probation violation hearing conducted on February 1, 1982, after the defendant's probation had expired, directly contravened RSA 169-B: 2, V(d) (Supp. 1981).

We hold that the district court is without authority to extend its jurisdiction over a nineteen-year-old defendant to enforce a juvenile probation order. In this case, because the district court failed to enforce a probation order within the ten-month probationary period prior to the defendant's nineteenth birthday, it cannot reassert its jurisdiction, after the statutory limit has expired.

*Reversed and remanded.*

All concurred.