Merrimack
No. 83-012

## THE STATE OF NEW HAMPSHIRE

v.

## ROBERT BREEST

December 27, 1983

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief and orally), for the State.

*Pizzimenti & Immen*, of Concord (*Dennis L. Pizzimenti* on the brief and orally), for the defendant.

BROCK, J. The defendant was convicted of first-degree murder on March 22, 1973, after a jury trial in the superior court. Pursuant to RSA 607:41-c (Supp. 1972) (repealed November 1, 1973), a hearing was then held by the sentencing judge to certify whether the murder was psycho-sexual in nature. The judge so certified, and

accordingly sentenced the defendant to the term required by the statute—life imprisonment, with a possibility of parole in forty years, less certain potential credits. RSA 607:41-b (Supp. 1972) (repealed November 1, 1973). On appeal, we affirmed the conviction and upheld the validity of the certification proceeding. *State v. Breest*, 116 N.H. 734, 367 A.2d 1320 (1976).

Subsequently, the defendant's petition for a writ of habeas corpus was granted by the United States District Court for the District of New Hampshire (*Bownes*, J.) on the ground that the defendant's right to due process of law was violated because he was not allowed to present evidence or to rebut the State's evidence at his certification hearing. *Breest v. Helgemoe*, Crim. No. 77-45, Slip Op. (D.N.H. April 18, 1977). At the same time, the court denied the defendant's claims that the sentencing statute violated constitutional prohibitions against double jeopardy and against *ex post facto* laws. Those rulings were upheld on appeal. *Breest v. Helgemoe*, 579 F.2d 95 (1st Cir.), *cert. denied*, 439 U.S. 933 (1978).

The State did not appeal the District Court's decision that the certification hearing violated the defendant's due process rights, and a new hearing was held on October 16, 1981, in the Superior Court (*Johnson*, J.), in conformance with the District Court's order. The superior court certified, beyond a reasonable doubt, that the defendant's crime was psycho-sexual in nature, and this appeal followed.

■ Two of the three issues raised by the defendant involve the nature of the certification hearing and the sufficiency of the evidence presented there. They are dealt with below. The third—whether the statute in question is unconstitutionally vague—was decided by this court in *State v. Breest*, 116 N.H. at 755, 367 A.2d at 1336. No subsequent decision of any court has cast doubt on that ruling. Nor is it relevant that the defendant here challenges a specific phrase ("attempted sexual abuse") rather than the statute as a whole. Our holding in *State v. Breest supra* encompassed all of the challenged language, and it remains binding.

The defendant next argues that the District Court's order called for a hearing accompanied by most, if not all, of the due process protections afforded a defendant at trial. Specifically, he argues that the State's Bill of Particulars filed prior to the hearing must plead with the specificity of an indictment. The bill involved here indicated that the State would prove "[p]sychosexual murder" by producing evidence of attempted sexual abuse. The State concedes that this would have been insufficient as an indictment for the crime of attempt. It argues, however, that the hearing envisioned by the District Court "in no way approximates a new criminal proceeding,"

and that the defendant was therefore entitled to receive only reasonable notice and an opportunity to be heard.

█ At oral argument the State contended, in the alternative, that this court is not bound by the District Court's order. While ordinarily this argument would have merit, the order is controlling in this case because the State did not appeal from it. *See H. L. v. Matheson,* 450 U.S. 398, 406 (1981).

We agree with the State, however, that the order did not sweep as broadly as the defendant claims. While holding that the certification proceeding was "like 'the making of a new charge leading to criminal punishment,'" *Breest v. Helgemoe,* Crim. No. 77-45, Slip Op. at 17 (quoting *Specht v. Patterson,* 386 U.S. 605, 610 (1967)), the District Court also recognized that it was a "sentencing hearing" at which "hearsay or other evidence which could not be presented to the jury" might be heard. *Breest v. Helgemoe,* Crim. No. 77-45, Slip Op. at 18; *see Williams v. New York,* 337 U.S. 241, 249–50 (1949). The court thereby impliedly distinguished this case from *Specht v. Patterson supra,* while following it for the principle that substantial due process protections are needed when a sentencing judge is concerned with finding a specific fact.

█ The United States Supreme Court in *Specht* expressly refused to extend to that case the liberal evidentiary rules of the sentencing procedure in *Williams* (permitting the use by the sentencing judge of hearsay and other evidence not admissible at trial). The District Court here, even after distinguishing *Williams* as "confined to its facts," incorporated those evidentiary rules into its order as a matter of course. *Breest v. Helgemoe,* Crim. No. 77-45, Slip Op. at 18. Clearly, therefore, the District Court did not contemplate a hearing in which the defendant was "entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings." *Gerchman v. Maroney,* 355 F.2d 302, 312 (3d Cir. 1966) (*quoted in Specht v. Patterson, supra* at 609). As the United States Court of Appeals for the Tenth Circuit recently held,

> "the *Specht* Court's quotation of the Third Circuit language should not conclusively determine this important issue because the issue was not before that Court. . . . If we were to hold that the 'full panoply' of procedural rights applicable to criminal trials must be available in [sentencing hearings under 18 U.S.C. § 3575, the 'dangerous special offender' statute], we would have to permit the defendant to have a jury, require a 'beyond a reasonable doubt' standard of proof for all essential facts, and exclude hearsay. . . ."

*United States v. Schell*, 692 F.2d 672, 677–78 (10th Cir. 1982) (citations omitted).

■ The statute at issue in *Schell*, which also calls for a specific finding of fact by a sentencing judge, and which was discussed by the District Court here, has repeatedly been upheld by United States Courts of Appeal against due process attacks. *See United States v. Davis*, 710 F.2d 104, 106 (3d Cir. 1983), *and cases cited therein.* At least one circuit court has held that, because the statute "provides for a hearing at which the defendant is entitled to counsel, compulsory process and cross-examination of witnesses . . . [and] also requires the sentencing judge to place his findings on the record in order to allow meaningful appellate review," *id.* at 106–07, it "provides all the procedural protections which the *Specht* Court held constitutionally to be required." *Id.* The certification proceeding here provided those same protections.

■ The defendant cites *State v. Bean*, 117 N.H. 185, 371 A.2d 1152 (1977), for the proposition that the State must allege "both an intent to commit and an overt act," *id.* at 187, 371 A.2d at 1153, in order to establish the fact of attempt. That case, however, dealt with the essential elements of an indictment for criminal attempt, and is not applicable here because the attempt alleged here was not an element of a new offense. As the United States Court of Appeals for the First Circuit noted in its denial of the defendant's *ex post facto* claim, the statute under discussion here changed "neither the rules of evidence nor the elements required for a first degree murder conviction," *Breest v. Helgemoe*, 579 F.2d at 103; it only created "a modification of the evidence relevant to sentencing." *Id.* A fact that increases the severity of a sentence, imposed within the statutory sentencing limits for the crime of which the defendant has been convicted, is not necessarily "an element of a new, greater offense," *State v. Morehouse*, 120 N.H. 738, 742, 424 A.2d 798, 800 (1980), and the notice requirements associated with a criminal charge are not thereby invoked. *Id.* at 743, 424 A.2d at 800–01.

■ Accordingly, we hold that the State was not required to plead with the specificity of an indictment in order to give proper notice before the certification hearing. The defendant received sufficient notice from the statute itself, which by its terms applied to all first-degree murder convictions, and from the State's Bill of Particulars.

■ The defendant's final argument is that the State was constitutionally required to prove the fact of psycho-sexual murder beyond a reasonable doubt, and that the evidence presented failed to

meet this standard. We need not decide what standard was required here, because we hold that the evidence supported the trial court's finding that the State did, in fact, prove psycho-sexual murder beyond a reasonable doubt.

 The basic facts of the case may be found in our earlier decision, *see State v. Breest*, 116 N.H. at 737–41, 367 A.2d at 1324–26. Additional testimony at the certification hearing by the physician who had examined the victim's body strongly supported an inference that the victim's clothing had been violently removed from the lower half of her body, and that an attempt had been made to remove her bra by force, shortly before her death. The State had already shown at trial that during the same brief period, the victim was subjected to an extremely brutal assault, which was the direct cause of death and which was inflicted by the defendant. Viewing the evidence in the light most favorable to the prosecution, we can readily say that a rational trier of fact could have found proof of psycho-sexual murder, as statutorily defined, beyond a reasonable doubt. *See State v. Cobb*, 123 N.H. 536, 540, 465 A.2d 1203, 1206 (1983).

*Affirmed.*

SOUTER, J., did not sit; the others concurred.