Strafford
No. 83-267

ALVIN H. MERRILL, ADM'R
OF THE ESTATE OF ROGER H. MERRILL

v.

GREAT BAY DISPOSAL SERVICE, INC.

October 4, 1984

*McNeill & Taylor P.A.*, of Dover (*R. Peter Taylor* on the brief and orally), for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*Edward M. Kaplan &a.* on the brief, and *James O. Barney* orally), for the defendant.

*Shaines, Madrigan & McEachern P.A.*, of Portsmouth (*Gregory D. Robbins &a.* on the brief, and *Mr. Robbins* orally), for John Weightman, as amicus curiae.

DOUGLAS, J.   The plaintiff is the father and administrator of the estate of Roger H. Merrill, who was killed while operating one of the defendant's vehicles. At the time of his death the decedent was 19 years old, unmarried, and without dependents. The plaintiff instituted a wrongful death action, RSA 556:12, against the defendant pursuant to the election permitted by *Park v. Rockwell International Corp.*, 121 N.H. 894, 900, 436 A.2d 1136, 1140 (1981).

The defendant filed a motion for an immediate ruling in advance of trial in which it sought a determination that the plaintiff was limited to fifty thousand dollars in damages pursuant to RSA 556:13. The Superior Court (*Temple*, J.), after a hearing, ruled that

since the plaintiff was not dependent on the decedent the fifty thousand dollar limitation of RSA 556:13 applied. The plaintiff appeals from this ruling. We reverse and remand.

■■■ "It is well established that the words in the statute itself are the touchstone of the legislature's intention." *Greenhalge v. Town of Dunbarton*, 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982). "When the language used in a statute is clear and unambiguous, its meaning is not subject to modification by judicial construction." *State v. Flynn*, 123 N.H. 457, 462, 464 A.2d 268, 271 (1983). We will examine the legislative intent and the legislation's objectives only' when construing an ambiguous statute. *See Dover Professional Fire Officers Assoc. v. City of Dover*, 124 N.H. 165, 169, 470 A.2d 866, 868–69 (1983); *Hurley v. Public Service Co. of N.H.*, 123 N.H. 750, 754, 465 A.2d 1217, 1220 (1983).

■■■ Because we find RSA 556:13 to be unambiguous, our review is limited to the actual words of the statute. *State v. Flynn*, 123 N.H. at 462, 464 A.2d at 271. "Although the legislature is not compelled to follow technical rules of grammar and composition, a widely accepted method of statutory construction is to read and examine the text of the statute and draw inferences concerning its meaning from its composition and structure." *Id.* Accordingly, we will ascribe to the words of RSA 556:13 their ordinary and plain meaning. *See State v. Smith*, 124 N.H. 260, 263, 470 A.2d 890, 892 (1983).

RSA 556:13 provides for a limitation on the amount recoverable in a suit by an administrator in some instances. It states in pertinent part: "The damages recoverable in such an action shall not exceed fifty thousand dollars except in cases where the plaintiff's decedent has left *either* a widow, widower, child, father, mother, *or* any relative dependent on the plaintiff's decedent in which event there shall be no limitation." (Emphasis added.)

■■ The sole issue presented in this case is whether the word "dependent" modifies the specific relatives listed, as well as the phrase "any relative," or just modifies the phrase "any relative." The defendant argues for the former interpretation, which would require proof of dependency in all cases before an administrator could recover in excess of fifty thousand dollars. We hold that RSA 556:13 unambiguously created two classes of relatives: (1) those specifically listed in the statute, whose financial dependency does not have to be proven to recover in excess of fifty thousand dollars; and (2) those not specifically listed, whose financial dependency must be proven to recover in excess of fifty thousand dollars.

The conclusion we reach is based on the plain meaning and common usage of the words "either" and "or" as used by the legislature. The word "either" is defined as "a function word . . . to indicate that what immediately follows is the first of two or more alternatives that are equally applicable or mutually exclusive . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 728 (1961). The word "or" is defined as "a function word to indicate an alternative between different or unlike things . . . ." *Id.* at 1585. These definitions alone support the conclusion that the legislature created two separate or alternative classes by using the words "either" and "or."

We find additional support for our conclusion in the rules of statutory construction. It is an elementary principle of statutory construction that all of the words of a statute must be given effect and that the legislature is presumed not to have used superfluous or redundant words. *State v. Tardiff*, 117 N.H. 53, 56, 369 A.2d 182, 183 (1977) ("If possible, every word of a statute should be given effect."); *see* 2A C. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 47.17, at 103 (4th ed. 1973).

An interpretation of RSA 556:13 consistent with the defendant's position would render redundant or superfluous the listing of the specific relatives in RSA 556:13. This would be contrary to accepted principles of statutory construction. *See* 2A C. SANDS, SUTHERLAND STATUTORY CONSTRUCTION § 47.19, at 112 (4th ed. 1973) ("One of the more common applications of the ejusdem generis rule is that where general words are subjoined to specific words, the general words will not include any objects of a class superior to that designated by the specific words.").

We note that there are a number of methods by which the legislature easily could have drafted RSA 556:13 so as to incorporate the requirement of a dependency test for *all* relatives before they would be allowed to recover in excess of fifty thousand dollars. For example, the legislature could have included the word "other" in the statute, so that RSA 556:13 would have read "or other relative dependent," if the legislature had intended to incorporate a dependency test for all relatives. A statute drafted in this manner would have indicated that the legislature intended "dependent" to modify all the specifically listed relatives, not just the general class of relatives.

The conclusion we have reached is consistent with the intent of the legislature when it enacted RSA 556:13. *See* N.H.S. JOUR. 983 (1973) (statement of Sen. Bradley) ("If you have the various relatives, father, mother, child or spouse or dependent relative then you come under the part that says there will be no limitation . . . .").

The defendant's reliance on language in *Park v. Rockwell Interna-*

*tional Corp.*, 121 N.H. 894, 898, 436 A.2d 1136, 1138 (1981) is unfounded. This language was merely dictum used to illustrate another principle, and is not binding on us.

*Reversed and remanded.*

All concurred.