Robert BREEST, Petitioner, Appellant,

v.

Michael CUNNINGHAM, Warden, New Hampshire State Prison, Respondent, Appellee.

No. 84–1309.

United States Court of Appeals, First Circuit.

Heard Sept. 11, 1984.

Decided Jan. 11, 1985.

Jeanne Baker, Boston, Mass., by appointment of the Court, with whom Richard Joselson, and Silverglate, Gertner, Baker & Fine, Boston, Mass., were on brief for petitioner, appellant.

John A. Malmberg, Asst. Atty. Gen., Crim. Justice Div., Concord, N.H., with whom Gregory H. Smith, Atty. Gen., Concord, N.H., was on brief for respondent, appellee.

Before COFFIN, Circuit Judge, ALDRICH and SKELTON,* Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

The question in this habeas corpus case is whether the state court, 124 N.H. 339, 469 A.2d 1339, was constitutionally warranted in imposing upon petitioner Breest, who was convicted of first degree murder of a young woman in March, 1971, a special additional sentence under the then New Hampshire psycho-sexual murder statute, so-called, which read,

> "... murder in which there is evidence that the offender has committed sexual assault or abuse or attempted sexual assault or abuse of the victim before or after death." N.H. RSA 607:41–d.[1]

This section of the New Hampshire statute defined neither sexual assault nor abuse,

---

* Of the Federal Circuit, sitting by designation.

1. Later RSA 651:45–d; now repealed.

nor does any New Hampshire decision define abuse.

■ We start with a basic principle of construction that every word is presumed to have a purpose and meaning. *E.g., United States v. Palmeri,* 630 F.2d 192, 199 (3d Cir.1980), *cert. denied,* 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (court will not interpret a statute to cause redundancy); *see State v. Tardiff,* 117 N.H. 53, 56, 369 A.2d 182 (1977) ("every word of a statute should be given effect.") (dictum). If reasonably possible, we must find different, and separate, meanings. The presumption, accordingly, is that the term "sexual abuse" was intended to add something beyond "sexual assault." Correspondingly, "abuse" did not include "sexual assault," or that term could have been omitted.

■ The phrase sexual assault, indeed, the single word "assault," dating from the days when reticent language was considered a virtue, is a common term for rape.[2] Conversely, while rape, of course, is a form of abuse, a perhaps more natural meaning of abuse comprehends a broad field of ill use or injury falling short thereof. Applying the presumption we take the statute as reading "rape or any other form of sexual abuse ...." This would be logical both in form and substance. The same could not be said if the statute were to be read "rape, or any other form of sexual abuse, including rape...." Indeed, this would mean the statute should be read as saying, "rape, or any other form of sexual abuse, including rape, or attempted rape or any other attempted sexual abuse, including rape." The drafters could not have meant such redundancy.

If it be said that sexual assault should be given a broader definition, *see, e.g.,* N.H. RSA 632:3 (a quite different chapter, and a definition which we would not apply here, in part because it would tend to make the term "abuse" superfluous) the only effect would be to narrow still further the term

sexual abuse, which, post, could not assist the state.

Petitioner's first complaint is that due process required notice. The state answers that it gave notice, in responding to petitioner's request for a bill of particulars, by stating he was charged with "attempted sexual abuse." Petitioner asserts that because the psycho-sexual certification is equivalent to the making of a new charge leading to criminal punishment, *Breest v. Helgemoe,* Crim. No. 77–45, slip op. at 17 (D.N.H. April 18, 1977), *aff'd,* 579 F.2d 95 (1st Cir.1978), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329, he is entitled to notice that meets the requirements of a formal criminal charge. *See Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). Petitioner objects to the bill of particulars because it alleges neither specific intent to commit the crime of sexual abuse nor an overt act in furtherance of the crime, both of which are required in an indictment charging attempted sexual abuse.

■ Although we agree that petitioner was entitled to adequate notice of the psycho-sexual certification charge, we disagree that it had to be as formal as an indictment. This was not a new or separate crime, and the bill of particulars adequately advised the petitioner of the nature of the proceeding and enabled him to prepare a defense and avoid surprise. The difficulty is not that the state did not give notice, but is that the court radically departed therefrom.

■ The bill of particulars was sparse, but, at the least, it meant that defendant was not charged with sexual assault, or attempted sexual assault, whatever "assault" may mean. The court, however, proceeded to find him guilty of psycho-sexual murder in that he had "attempted ... to engage in sexual activity [which] could be referred to as either 'sexual assault' or 'sexual abuse' and hence, the State has met

---

**2.** *See, e.g., Webster's New Internat. Dict.,* (2d ed., 1953) "assault ... 5. To commit rape on;—a euphemism."

the burden of proving the allegation contained in the Bill of Particulars." This was an awkwardly expressed finding, as by its use of the word "either" it could have two meanings. The finding could be read as saying, *"both* 'sexual assault' and 'sexual abuse,'" or as *"either* 'sexual assault' *or [else]* 'sexual abuse.'" The latter construction could not satisfy the bill of particulars, as this would be finding defendant committed the offense charged or some other offense. However, it would seem no better to construe "either" as meaning "both." The tenor of the finding seems directed to a single offense.

In any event, there is a further step. The court responded properly to the bill of particulars by finding an attempt. An attempted offense must mean one intended, but not achieved. We do not find in the record any indication of what act defendant intended, unless rape, that he had not completed. This, of necessity, leads to the conclusion that defendant could have been found guilty only of attempted rape. Whether the record would have permitted this finding, the notice given him did not permit it.

█ We add, finally, that we do not agree with petitioner that the term sexual abuse is unconstitutionally vague. We believe it a commonly understood term (here short of rape or attempted rape) covering any form of offensive injury, physical or emotional, sexually motivated and intentionally inflicted. This is not to say that petitioner might not have requested a more definite bill of particulars. However, it is to say that when the state particularized by excluding sexual assault it was in no position to say that petitioner could be found guilty of "attempted ... either 'sexual assault' or 'sexual abuse.'" Had the state particularized by pointing to completed conduct, short of sexual assault, which the evidence indicated petitioner had already committed, we would have a different case. However, the state cannot particularize one thing and prove another.

The writ must be granted. Whether, since double jeopardy would not be involved, this may be no more than a temporary victory, can not concern us. Defendant was entitled to his constitutional rights.

Reversed.