Pino v. Beech Hill Hospital          CV-98-516-B    05/21/99

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Theresa Pino, Administratrix of the
Estate of John Pino

    v.                                                    Civil No. 98-516-B

Beech Hill Hospital


**O R D E R**

Plaintiff seeks to compel production of documents withheld under a claim of privilege pursuant to Fed. R. Civ. P. 26(b)(5) conferred by N.H. RSA 151:13.


Background

This is a medical malpractice claim brought in this court under its diversity jurisdiction.  Plaintiff alleges that on March 1, 1997 the defendant contributed to cause the death of John Pino who was admitted into defendant's facility for drug detoxification.  Specifically, plaintiff alleges that defendant failed to train its nurses for emergency resuscitation, failed to inspect and maintain its emergency equipment, failed to restrict decedent's diet to reduce the risk of vomiting and aspiration, failed to properly observe decedent and to respond to his respiratory arrest.

Defendant is a rehabilitation hospital regulated by a state agency under N.H. RSA 151.  Under its powers the agency investigated defendant following Pino's death and allegedly found many violations of the department's regulations, several of which

related directly to Pino's death. Defendant has withheld and logged as privileged under Fed. R. Civ. P. 26(b)(5) 24 documents which were prepared in response to the state's inspection report. Defendant relies on N.H. RSA 151:13 for its claims of privilege.


## Discussion

The Federal Rules of Civil Procedure control discovery in federal district court. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant . . . ." What is privileged is determined under state law where, as in this diversity case, state law supplies the rule of decision on the claims at issue. Fed. R. Evid. 501.

The New Hampshire Rules of Evidence provide that:

> (a) Except as otherwise provided by statute or by these or other rules promulgated by the Supreme Court of this State, no person has a privilege to:
> * * *
> (3) Refuse to produce any
> . . . writing.

N.H. R. Evid. 501. Defendant contends that N.H. RSA 151:13 provides a statutory privilege.

Statutory privileges are strictly construed. State v. Melvin, 132 N.H. 308, 310 (1989) (citations omitted). In construing statutes the words used are to be given their plain meaning. Opinion of the Justices, 135 N.H. 543, 545 (1992). The language is construed in the context of the statute as a whole. Great Lakes Aircraft Co., Inc. v. City of Claremont, 135 N.H. 270, 277-78 (1992). Extrinsic evidence is used only to resolve

2

ambiguities on the face of the statute.  See Chroniak v. Golden Inv. Corp., 133 N.H. 346, 350-51 (1990).

Defendant argues that the "confidentiality" afforded by N.H. RSA 151:13 provides a privileged status for documents covered by that statute which is the same as the privilege afforded under N.H. RSA 151:13-a to internal hospital quality assurance documents.  In furtherance of that argument defendant states that the purpose of N.H. RSA 151:13 is to encourage candor during state investigations by assuring that malpractice plaintiffs cannot obtain them.  This is the purpose of the privilege for internal hospital quality assurance matters.  See Smith v. Alice Peck Day Memorial Hosp., 148 F.R.D. 51, 55 (D.N.H. 1993).

Defendant's argument is not convincing.  The language of N.H. RSA 151:13 and of 151:13-a is different in at least one important respect.  N.H. RSA 151:13 provides that information is "confidential" while RSA 151:13-a provides that records are "confidential and privileged and . . . protected from direct or indirect means of discovery . . . ."  The legislature is presumed not to have used superfluous or redundant words in a statute. Merrill v. Great Bay Disposal Service, Inc., 125 N.H. 540, 543 (1984).  Clearly then the legislature intended that the word "confidential" and the word "privilege" be afforded different meanings in N.H. RSA 151.  The plain meaning of "confidential" in the context of N.H. RSA 151 is information which is not to be publicly disseminated.  See Webster's Third New International Dictionary, p. 476 (1991).  "Privilege" as used is a legal term

3

of art and the statute is to be interpreted adopting the accepted customary definition in the legal tradition. See <u>Stormy Weathers, Inc. v. F.D.I.C.</u>, 834 F. Supp. 519, 522 (D.N.H. 1993). Privileged documents are those for which there is an evidentiary privilege. While every privileged document is confidential not every confidential document is privileged. Considering Chapter 151 as a whole it is clear that not all confidential matters are free from discovery.

As plaintiff points out the Department of Health and Human Services has recognized in its regulations that information is confidential for the benefit of the patient-complainant, not the hospital, and may be released upon court order. N.H. Admin. Rules, He-P 801.16(j). The construction of a statute by those charged with its administration is entitled to substantial but not controlling deference. See <u>Clark v. Helms</u>, 576 F. Supp. 1095, 1100 (D.N.H. 1983).

A confidential document under N.H. RSA 151:13 is simply not privileged and is thus discoverable. The motion (document no. 6) is granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 21, 1999

cc:   Michael P. Hall, Esq.
      Kenneth Bouchard, Esq.