■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. WOOD, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 27, 1976, after a trial without a jury, convicting defendant of two counts of the crime of attempted murder in the second degree, two counts of the crime of kidnapping in the second degree, two counts of the crime of robbery in the first degree, two counts of the crime of assault in the first degree and one count of the crime of grand larceny in the second degree. At approximately 4:30 A.M. on October 25, 1975, defendant, wielding a knife, accosted two persons, Michael Kutcher and Mary Thomas, who were parked in a wooded area in the vicinity of Russell Road, Town of Bethlehem, County of Albany. Holding the knife at Miss Thomas' throat and twisting her arm behind her back, he proceeded to march the couple down a deserted road about 150 to 200 feet. At that point when the couple resisted his orders that they lie one on top of the other on the ground, he attacked them with the knife and in the process stabbed Mr. Kutcher five times, puncturing his lung, and cut Miss Thomas' hand. Thereafter the couple escaped to a nearby house and observed their car being driven away. As a result of this incident, defendant was indicted by the Grand Jury of Albany County on November 6, 1975 on two counts of attempted murder in the second degree, two counts of kidnapping in the second degree, two counts of robbery in the first degree, two counts of assault in the first degree and one count of grand larceny in the second degree. Following a trial without a jury at which defendant relied on the defense of mental disease or defect, he was convicted on all counts and sentenced as a second felony offender to four concurrent indeterminate terms of imprisonment of 12½ to 25 years and an additional concurrent indeterminate term of 7½ to 15 years. On this appeal defendant initially argues that he was denied his Sixth Amendment right to counsel in that his attorney was not informed as to the date, time and place of a psychiatric examination given defendant pursuant to court order under CPL 730.30. While we agree that the attorney was entitled to the relevant information so that he could be present at the examination, the defense did not object to the lack of notice until after the trial and conviction of defendant. Under

these circumstances, the right of counsel to be present was waived (cf. *People v Cerami,* 33 NY2d 243). As for defendant's further contention that his kidnapping convictions should be merged into the other convictions, we find this argument to be meritorious. Defendant's actions in restraining his two victims through the threatened use of deadly physical force were obviously intended to enable him to accomplish his over-all criminal scheme. Accordingly, the evidence was insufficient to support separate kidnapping convictions, and these must be reversed (cf. *People v Cassidy,* 40 NY2d 763; *People v Spinks,* 58 AD2d 659). Finally, we have examined defendant's remaining contentions and have concluded that they do not warrant further modification of his convictions. Judgment modified, on the law and the facts, by reversing the two convictions of kidnapping in the second degree, dismissing the counts of the indictment therefor and vacating the sentences imposed thereon, and, as so modified, affirmed. Greenblott, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.