OPINION OF THE COURT
 

 Titone, J.
 

 The Condominium Act provides for a lien against each condominium unit for unpaid common charges and further provides that the lien will expire six years from the date it is filed (Real Property Law §§ 339-aa, 339-z). The threshold issue in this appeal is whether the commencement of a mortgage foreclosure action against the unit owner by a third party tolls the running of that six-year period. We conclude that a third-party foreclosure proceeding under these circumstances has no tolling effect and that, thus, the lien asserted by defendant condominium board lapsed and was without legal effect.
 

 In December 1988, September 1990 and February 1991, the Remsen Gardens Condominium Board of Managers filed liens for unpaid common charges against condominium unit 604-c, located at 1272 East 91st Street in Brooklyn. No steps were ever taken to foreclose these liens. In December of 1989, the owner of the unit, Mark Levine, gave a first mortgage to Chemical Bank, plaintiff Alaska Seaboard Partners Ltd.’s predecessor in interest. That mortgage was not recorded until June of 1991. Levine failed to meet his obligations under the mortgage, and, consequently, the present foreclosure action was commenced on November 12, 1993.
 

 
 *741
 
 Because of its asserted Real Property Law § 339-z lien, Rem-sen Gardens Condominium Board was named as an additional defendant. Defendant Board responded with an answer in which it took the position that its statutory lien for unpaid common charges had priority over Chemical’s first mortgage. In February of 1996, Alaska Seaboard, which had acquired Chemical’s mortgage by assignment, moved for an order substituting itself as plaintiff, striking Remsen’s answer, granting it summary judgment and directing the appointment of a Referee. One of the arguments made in support of that motion was that to the extent that they were then more than six years old, defendant Board’s filed liens had expired by operation of law.
 

 Supreme Court granted the motion in its entirety, holding that plaintiffs mortgage was superior to defendant’s liens. On defendant’s appeal, the Appellate Division affirmed, but it did so on the separate theory that plaintiffs liens had lapsed. This Court subsequently granted defendant Board leave to appeal from the Appellate Division order, which finally disposed of all of the issues against that party
 
 (see,
 
 Cohen and Karger, Powers of the New York Court of Appeals § 20, at 82-83 [rev ed]). We now affirm.
 

 Real Property Law § 339-aa provides that a properly filed common charge lien “shall continue in effect until all sums secured thereby, with the interest thereon, shall have been fully paid or
 
 until expiration six years from the date of filing,
 
 whichever occurs sooner.” Arguing that the six-year period referred to in this statute is analogous to a statute of limitations, defendant Board contends that the running of this period is capable of being “tolled” and, more specifically, that the commencement of plaintiffs mortgage foreclosure action on November 12, 1993 had that effect. Thus, in defendant’s view, the passage of time since that date has not impaired the validity of its liens. Defendant’s argument is unpersuasive.
 

 There is nothing in the language of Real Property Law § 339-aa that supports the analysis defendant advocates. The statute does not refer to the time for commencing an
 
 action
 
 on the lien, but rather to the duration of the lien itself. Thus, its formula differs from that used in typical statutes of repose, which are aimed at suspending the judicial remedy
 
 (see generally, Sharrow v Inland Lines,
 
 214 NY 101;
 
 Hulbert v Clark,
 
 128 NY 295;
 
 compare,
 
 CPLR 213-215), and fits more aptly within the class of durational rules that operate as “qualifications” to the right itself
 
 (see, e.g., Romano v Romano,
 
 19 NY2d 444, 447;
 
 see generally,
 
 Siegel, NY Prac § 34 [2d ed]).
 

 
 *742
 
 Furthermore, even assuming that section 339-aa could fairly be characterized as a statute of limitations, there would be no basis for finding the existence of a toll arising from the commencement of a third-party foreclosure action, since there is no such provision in either the Condominium Act or the CPLR and there is no suggestion anywhere in the statutory scheme that the Legislature intended such a result. We are unpersuaded by defendant’s suggestion that the toll in question may be inferred by analogy to Lien Law § 17, which provides that a mechanic’s lien expires one year after it has been filed
 
 unless the lienholder commences a foreclosure action.
 
 All that may reasonably be inferred from Lien Law § 17 is that the Legislature knows how to make specific provision for the result defendant seeks when that result is, in fact, intended. We note that even if this were a case arising under Lien Law § 17 rather than Real Property Law § 339-aa, the commencement of an action by a party other than the lienholder would not suffice to satisfy the clear statutory requirements.
 

 Accordingly, we conclude that the commencement of the present foreclosure action by the first mortgagee did not in any way prevent the statutory liens defendant held on the condominium unit from lapsing by operation of law six years after the date those liens were filed. Similarly, the fact that defendant interposed the claimed priority of its liens in its answer to plaintiffs complaint does not serve to advance defendant’s position, since the assertion of a lienholder’s interest in the proceeds of a first mortgage foreclosure is not the legal or conceptual equivalent of foreclosure on the lien.
 

 Inasmuch as defendant Board has taken no independent steps to enforce its liens by bringing a foreclosure action within their six-year lives, those liens have lapsed and, consequently, can no longer be cited as a basis for claiming
 
 a
 
 share of the proceeds of plaintiffs foreclosure action. In view of this conclusion, we do not reach defendant’s argument that Real Property Law § 339-z (ii), which gives priority to “all sums unpaid on a first mortgage of record,” does not apply where, as here, the first mortgage was not recorded until after the liens were filed. Since defendant’s liens have been extinguished by the passage of time, their relative priority is now moot.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 
 *743
 
 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs.