Hillsborough-southern judicial district
No. 97-410

THE STATE OF NEW HAMPSHIRE

v.

DAVID JOHNSON

September 8, 1999

*Philip T. McLaughlin*, attorney general (*Kelly A. Ayotte*, assistant attorney general, on the brief and orally), for the State.

*Law Office of Francis G. Holland*, of Nashua (*Francis G. Holland* on the brief and orally), for the defendant.

HORTON, J. After a jury trial in Superior Court (*Sullivan*, J.), the defendant, David Johnson, was convicted of attempted aggravated felonious sexual assault, *see* RSA 629:1 (1996); RSA 632-A:2 (1996) (amended 1997, 1998), and acquitted of aggravated felonious sexual assault accomplished by surprise, *see* RSA 632-A:2, I(i). The defendant contends that the trial court erred in denying his motion to dismiss the attempt indictment, improperly instructing the jury, failing to require the State to elect between indictments, denying several pretrial motions, and granting certain motions *in limine*. We affirm.

The jury could have found the following facts. On December 9, 1995, the defendant, the female victim, a male acquaintance, and a female acquaintance went to dinner and rented a hotel room for the evening. The defendant told his male friend that the defendant "was paying for dinner and he was paying for the hotel so he'd better get some." The group viewed pornographic movies and consumed

alcohol in the hotel room, which contained two beds. When the group discussed sleeping arrangements, the defendant said that he would not sleep in the same bed with his male friend and assured the women not to worry because he was a "perfect gentleman." The victim fell asleep in one of the beds, which she had agreed to share with the defendant. The defendant subsequently woke the victim, got on top of her, forcibly attempted to remove her shorts and underwear, and kissed her stomach. When the victim told the defendant, "[N]o," he replied, "Come on, help me out," and continued his efforts to remove her shorts and underwear. Although the defendant was able to remove the victim's shorts, the victim broke free, dressed herself, and left the hotel room. Before she left, the defendant apologized.

The victim reported these events to the police, alleging also that the defendant digitally penetrated her while she slept. The defendant appeals his conviction of attempted aggravated felonious sexual assault.

The defendant first argues that the attempted aggravated felonious assault indictment violated Part I, Article 15 of the New Hampshire Constitution by not alleging elements of the intended offense. The defendant contends that the conduct alleged in the indictment, without an allegation of an intent to cause sexual penetration, fails to charge attempted aggravated felonious sexual assault, and instead charges attempted misdemeanor sexual assault. *See* RSA 632-A:4 (1996), :1, IV (1996) (amended 1998). The defendant also argues that the State was required to allege the circumstances under which penetration would have been accomplished by identifying the appropriate subsection or subsections of RSA 632-A:2, I. We disagree.

The indictment states:

[W]ith the purpose that the crime of Aggravated Felonious Sexual Assault be committed, [David Johnson] purposely committed the following acts: (1) he pinned [the victim] to a bed by sitting on top of her; (2) he tried to pull off her underwear; and (3) he pulled her shorts off of her, which under the circumstances as he believed them to be, were acts constituting a substantial step toward the commission of the crime of Aggravated Felonious Sexual Assault.

In order to satisfy Part I, Article 15, an indictment must describe the offense with sufficient specificity to ensure that the defendant can prepare for trial and avoid double jeopardy. *State v. Therrien,*

129 N.H. 765, 770, 533 A.2d 346, 348 (1987). This is accomplished when the State alleges the elements of the offense and identifies it with pleaded facts. *Id.* at 770, 533 A.2d at 349.

Attempt is an inchoate crime, *see State v. Bean*, 117 N.H. 185, 187, 371 A.2d 1152, 1153 (1977), that is considered a substantive offense in and of itself, *see State v. Harper*, 126 N.H. 815, 818, 498 A.2d 310, 313 (1985). "A person is guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime." RSA 629:1, I. "[A]n indictment charging an attempt [must] allege both an intent to commit [a crime] and an overt act in furtherance of the crime." *Bean*, 117 N.H. at 187, 371 A.2d at 1153.

The attempt statute requires the State to identify the intended offense, but does not require the State to plead and prove the elements of the intended offense. *See* RSA 629:1, I; *State v. Allen*, 128 N.H. 390, 392-96, 514 A.2d 1263, 1265-68 (1986) (despite statutory variants of murder, an indictment for the offense of attempted murder may plead the intended crime generally). "It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson." *People v. Williams*, 288 N.E.2d 406, 409 (Ill. 1972) (quotation omitted); *see Allen*, 128 N.H. at 392-96, 514 A.2d at 1265-68; *see also* 2 C. TORCIA, WHARTON'S CRIMINAL PROCEDURE § 261, at 121 (13th ed. 1990); *State v. Chaisson*, 123 N.H. 17, 24, 458 A.2d 95, 99 (1983). Since an attempted crime is by definition a crime not completed, the State could not plead, factually identify, and prove the elements of the intended offense as if it had been carried out. *See People v. Lonzo*, 319 N.E.2d 481, 482 (Ill. 1974).

Accordingly, we hold that in this case the State was not required to charge a statutory subsection of aggravated felonious sexual assault. The State was also not required to explicitly allege that the defendant acted with the purpose to cause sexual penetration. Because the indictment alleges that the defendant acted with the purpose to commit aggravated felonious sexual assault, the defendant was effectively charged with having the purpose to in some manner sexually penetrate, as opposed to cause misdemeanor sexual contact with, the victim. *Compare* RSA 632-A:2, I (requiring sexual penetration) *with* RSA 632-A:4 (requiring sexual contact). The indictment cannot reasonably be construed to allege an attempt to commit variants of aggravated felonious sexual assault that do not require penetration because the indictment does not indicate that

the victim was under the age of thirteen, *see* RSA 632-A:2, II, or that the attempt was part of a pattern of sexual assault committed against someone under the age of sixteen, *see* RSA 632-A:2, III.

██ The indictment alleges the elements of attempted aggravated felonious sexual assault and factually identifies the offense in describing the overt steps the defendant took to accomplish it. The indictment was sufficient to enable the defendant to prepare his defense and will protect him from double jeopardy. We conclude that the trial court properly denied the defendant's motion to dismiss.

The defendant next argues that the trial court erred in failing to instruct the jury (1) regarding statutory variants of aggravated felonious sexual assault, *see* RSA 632-A:2, I, and (2) that it must find that the defendant acted with the purpose to cause sexual penetration as opposed to sexual contact. We review jury instructions in their entirety to determine whether they fairly covered the issues and law of the case. *See State v. Cegelis*, 138 N.H. 249, 252, 638 A.2d 783, 784 (1994).

██ ██ We have already determined that statutory variants of aggravated felonious sexual assault are not elements of the crime of attempted aggravated felonious sexual assault. It necessarily follows that the trial court was not obligated to instruct the jury on a statutory variant of the intended offense. With respect to the issue of the defendant's intent, the trial court instructed the jury that it must find that he acted with the purpose to commit aggravated felonious sexual assault. To the extent the jury questioned whether the completed crime of aggravated felonious sexual assault involved sexual penetration or just sexual contact, which the defendant implies may have occurred during deliberations, it could have easily referred to the court's immediately preceding instruction on aggravated felonious sexual assault, which sufficiently explained the legal concept of sexual penetration. We find no error in the trial court's instruction viewed in its entirety.

Next, the defendant argues that the trial court erred by not requiring the State to elect between the aggravated felonious sexual assault and attempt indictments. We review the trial court's decision for an abuse of discretion. *See State v. Coolidge*, 109 N.H. 403, 416, 260 A.2d 547, 557 (1969), *rev'd on other grounds*, 403 U.S. 443 (1971). The trial court has the authority to require an election of indictments if the defendant demonstrates the indictments will prejudice his ability to prepare for trial or the jury's ability to deal with the charges intelligently and dispassionately. *See State v. Allison*, 126 N.H. 111, 114, 489 A.2d 620, 622 (1985).

■ The defendant asserts that the indictments "described a confused morass" and were "hopelessly intertwined." We disagree. The defendant was charged with factually and legally distinct crimes, each dependent upon different evidence. *See State v. Stratton*, 132 N.H. 451, 456, 567 A.2d 986, 989 (1989). Moreover, the fact that the jury acquitted the defendant of one charge and convicted him of the other suggests that it dealt with the charges intelligently and dispassionately. The defendant has failed to demonstrate an abuse of discretion.

In his argument on the election issue, the defendant makes passing references to the sufficiency of the evidence, the clarity of the State's arguments to the jury, the clarity of the court's jury instructions, and the trial court's allegedly improper amendment of the indictments through jury instructions. His assertions have no bearing on whether the trial court should have required the State to elect between the two indictments in this case. The trial court's authority to compel election of charges is "directed toward eliminating the threat of prejudice created when the State brings multiple charges or indictments when seeking a single conviction." *Stratton*, 132 N.H. 455-56, 567 A.2d at 989. "That is not the defendant's situation, as we have already determined that each of the indictments charged a separate offense supported by different evidence." *Id.* at 456, 567 A.2d at 989.

The defendant next challenges rulings that precluded him from deposing, and at trial questioning, the victim concerning her medical history, relationships with her parents and boyfriend, alleged fear of her father and men in general, and reasons for living with a friend. The defendant contends that the victim's personal and familial relationships were psychological stressors that somehow created an incentive for her to fabricate rape charges to gain "approval, attention and/or revenge." The trial court ruled that such stresses were not relevant to the victim's ability to testify truthfully, but permitted the defendant latitude to question her as to whether they might have affected her ability to perceive and explain the defendant's actions. The defendant argues on appeal that the trial court "limited [him] to simply asking [the victim] about stresses without being able to go into . . . the underlying reasons for these stresses," thus precluding him from exploring issues relevant to her motive to fabricate criminal charges.

We review the trial court's decisions on the management of discovery and admissibility of evidence for an abuse of discretion. *See State v. Lewis*, 129 N.H. 787, 799, 533 A.2d 358, 366 (1987) (discovery); *State v. Patten*, 137 N.H. 627, 629, 631 A.2d 921, 922

(1993) (admissibility of evidence). To demonstrate an abuse of discretion, the defendant must show that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case. *See State v. Slayman*, 138 N.H. 397, 402, 640 A.2d 771, 774 (1994).

█ "[A] witness's mental health *may* be relevant to that witness's credibility." *State v. Dewitt*, 143 N.H. 24, 35, 719 A.2d 570, 577 (1998). Evidence is relevant if it has any tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. *See* N.H. R. Ev. 401. The defendant, however, has failed to establish that evidence of the victim's purported stress and its underlying causes would have any tendency to make it more probable that she fabricated criminal charges. We, therefore, cannot say that the trial court's rulings were clearly untenable or unreasonable to the prejudice of the defendant's case.

The defendant raised an issue in his notice of appeal concerning the admissibility of certain photographs but failed to address it in his brief. That issue is deemed waived. *See State v. Colbert*, 139 N.H. 367, 370, 654 A.2d 963, 965-66 (1995). We have considered the defendant's remaining arguments and find them to be meritless, warranting no further consideration. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.