Hillsborough-southern judicial district
No. 99-068

## THE STATE OF NEW HAMPSHIRE

v.

## PAUL KULAS

August 31, 2000

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Wilson, Durkin & Bush, P.C.*, of Nashua (*Timothy E. Bush* on the brief and orally), for the defendant.

MOHL, J., superior court justice, specially assigned under RSA 490:3. The defendant, Paul Kulas, was convicted after a jury trial in the superior court of one count of aggravated felonious sexual assault. *See* RSA 632-A:2 (1996) (amended 1997, 1998, 1999). On appeal, he argues that the Trial Court (*Hollman*, J.) erred by admitting the testimony of the victim's attorney that she requested permission of the victim and reported a "possible rape" to the Nashua Police Department. Because we find that the testimony did not constitute impermissible opinion evidence as to the credibility of the victim, we affirm.

Based on the evidence at trial, the jury could have found the following facts. The victim and the defendant shared a residence in Nashua with the victim's two children. On April 22, 1997, after spending approximately one and one-half hours in the late afternoon at a local restaurant with a friend, the victim returned home. The defendant became enraged, accused her of drinking and driving, and placed the victim in a "bear hug." As she struggled to break free, the defendant forcefully struck her in the face.

The force of the blow stunned the victim. The victim went to bed shortly thereafter but awakened during the night feeling dizzy, nauseous, and in acute pain. She began vomiting and, after the defendant forced her to take a shower, returned to bed. The defendant got into bed with the victim and began to fondle her. The victim told the defendant to stop, but he persisted, and engaged in non-consensual sexual intercourse.

The defendant testified that although they argued about her drinking and driving, the victim struck her own face when she reached for her cigarette lighter on the floor and fell. When she later collapsed, the defendant testified that he slapped her in an effort to revive her. The defendant testified that she later apologized and they had intercourse.

The victim did not immediately report either the physical assault or the sexual assault to the police. Sometime later, the victim left the defendant, and in July 1997, she reported the physical assault, but not the sexual assault, to the Nashua Police Department.

The victim obtained the services of an attorney to assist her in securing a restraining order against the defendant. The victim first learned that the defendant may have committed a sexual assault when, upon describing the assault to her attorney, the attorney concluded that the defendant's conduct may have satisfied the elements of aggravated felonious sexual assault.

At trial, the victim's attorney testified, over objection, that she reviewed certain documents the victim had provided to her. She further testified that after reviewing the documents she asked the victim's permission to contact the domestic violence unit of the Nashua Police Department "to ask [an officer] to look into . . . a possible rape."

The defendant contends that by allowing the victim's attorney to testify as she did, the court permitted the witness to offer an implicit opinion as to the victim's credibility. Because the case turned on the credibility of the victim's testimony, the defendant asserts that the testimony of the victim's attorney was tantamount to expert opinion evidence that the attorney believed the victim and that, inferentially, the jury should believe the victim.

■ The determination of the credibility of a witness rests solely with the jury. *See State v. Hodgdon*, 143 N.H. 399, 404, 725 A.2d 660, 664 (1999). Trial courts must ensure that an expert's testimony does not supplant the jury's "responsibility to use [its] own common sense in judging a witness's credibility." *State v. Campbell*, 127 N.H. 112, 116, 498 A.2d 330, 333 (1985).

The proposed testimony concerning the attorney's role in reporting the matter was addressed in a pretrial hearing. After considering an offer of proof as to the testimony and arguments thereon, the trial court concluded, "The State will be permitted to present evidence . . . that the victim had a discussion with her lawyer, and as. a result of that discussion, had the lawyer report to the police that she, the victim, had been raped by the defendant." The victim testified that she did not become aware that what the defendant did to her constituted a sexual assault until she had discussed the incident with her attorney. The attorney's testimony was thus highly relevant to explain why the victim did not report the alleged rape in early July 1997.

The testimony of the victim's attorney was narrowly tailored to the parameters set by the trial judge. The relevant portion of the testimony is as follows:

Q. In the course of that representation, did you review documents [the victim] had provided to you in a conference with her?

A. Yes, I did.

Q. As a result of reviewing those documents and discussing them with your client, what action did you take?

A. I asked her permission to call [an officer] of the [Nashua] domestic violence unit, and to ask him to look into possible, a possible rape.

Q. Do you recall the date you called [the officer]?

A. It was the end of July, I think it was July 25th, 26th, 27th, something in there.

■ This court reviews the admission of a witness's testimony under the abuse of discretion standard. *State v. Johnson*, 144 N.H. 175, 180-81, 738 A.2d 1284, 1288 (1999). "To demonstrate an abuse of discretion, the defendant must show that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case." *Id.* at 181, 738 A.2d at 1288.

The record demonstrates no abuse of discretion. The victim's attorney neither explicitly nor implicitly offered an opinion as to the victim's credibility. Her testimony related solely to the facts, which were made relevant by the victim's delayed report, that she learned of the victim's description of the incident, discussed the incident with the victim, and requested permission to report a "possible rape" to the Nashua Police Department.

Nothing in the attorney's testimony even remotely suggests that she offered an opinion as to the victim's credibility. At best, the jury could infer that the victim's attorney concluded that if the facts were as the victim related, there were grounds to report the "possible rape" to the Nashua Police. But that does not imbue her testimony with an "aura of importance," *see Campbell*, 127 N.H. at 116, 498 A.2d at 333, or any sense of enhanced believability simply because she was an attorney.

■ Because the admission of the testimony at issue was proper, there was no abuse of discretion by the trial court. Issues raised in the notice of appeal but not briefed are waived. *State v. Colbert*, 139 N.H. 367, 370, 654 A.2d 963, 965-66 (1995).

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred; GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred; DUNN, J., retired superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.