■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. BLAIR, Appellant. [808 NYS2d 500]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 18, 2003, upon a verdict convicting defendant of the crimes of assault in the second degree, attempted kidnapping in the second degree and attempted murder in the second degree.

The victim was jogging in a park along a secluded path when she was attacked by defendant, who repeatedly struck her with a heavy wooden stick, pushed her toward an adjacent wooded area and told her that she would die. She escaped and he was arrested. The jury convicted defendant of attempted kidnapping in the second degree, attempted murder in the second degree and assault in the second degree, and County Court sentenced him to concurrent prison terms of 15 years, 25 years and seven years, respectively.

Defendant contends on appeal that his conviction of attempted kidnapping in the second degree merged with his other convictions because the abduction of the victim was momentary. Although the People correctly point out that the issue is unpreserved (*see* CPL 470.05; *People v Knapp*, 213 AD2d 740, 741 [1995]; *People v McNamara*, 186 AD2d 984, 984 [1992], *lv denied* 81 NY2d 791 [1993]), we will exercise our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). When considering

the merger doctrine, we look to see whether the abduction is so minimal, incidental and inseparable from the underlying crime that it does not fairly constitute a separate crime of kidnapping (*see People v Gonzalez*, 80 NY2d 146, 153 [1992]; *People v Swansbrough*, 22 AD3d 877, 878 [2005]). Here, defendant attempted to push the victim a very short distance and grabbed her legs, restraining her momentarily before she got away. The only evidence is that he assaulted her while he attempted to force her into the wooded area to kill her. Inasmuch as the abduction was both minimal and part of the assault and attempted murder, the merger doctrine applies and necessitates reversal of defendant's conviction of the crime of attempted kidnapping in the second degree (*see People v Swansbrough, supra* at 878).

Defendant also contends that he was unfairly prevented from appealing a crucial evidentiary ruling because his trial counsel failed to ask the stenographer to record a sidebar conference as required by Judiciary Law § 295. We think not. The conference in question occurred after Officer James Teller had testified on the record as to his training and experience in K9 handling and how his dog had located defendant in the vicinity of the attack. Because the conference concerned the admission of his opinion as an expert in K9 handling, defendant cannot show that he was prejudiced by the failure to record the sidebar conference here (*see People v Rick*, 224 AD2d 790, 790 [1996], *lv denied* 88 NY2d 852 [1996]). Based upon Teller's record testimony, we can readily determine that County Court did not err by allowing him to testify as a K9 expert (*see People v Lamont*, 21 AD3d 1129, 1132 [2005]; *People v Wright*, 13 AD3d 726, 728 [2004], *lv denied* 5 NY3d 857 [2005]).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's conviction of the crime of attempted kidnapping in the second degree under the first count of the indictment; dismiss said count and vacate the sentence imposed thereon; and, as so modified, affirmed.