*600 OPINION OF THE COURT
Joseph A. Zayas, J.
Defendant was arrested on September 10, 2011, after allegedly striking the complainant on the top of her head with a hammer. Defendant was indicted and charged with attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and other related charges. On November 4, 2011, a competency examination was ordered pursuant to Criminal Procedure Law article 730.
The People now move for an order permitting the People to attend the CPL article 730 competency examination of the defendant.* Alternatively, the People move for an order allowing them to videotape the examination. The People argue that excluding them from the competency examination is fundamentally unfair, inasmuch as defense counsel is permitted to be present. The People argue that they will be at a great disadvantage when, and if, they later seek to challenge the examiner’s conclusions at a subsequent hearing. They assert that “being present at the examination, or videotaping the examination, is vitally important to prepare for the hearing.”
Defendant maintains, on the other hand, that there is no statutory authority for the People’s presence at the competency examination, or for the People’s videotaping thereof. Defense counsel also argues that the People’s presence at the examination will have an inhibiting and disruptive impact on the process of the examination, and that allowing the People to be present, or permitting them to videotape the examination, would be tantamount to granting the People additional “discovery” not permitted by statute.
Defendant is correct that there is no statutory authority for allowing the prosecutor to be present at the competency examination. The statute authorizes “two qualified psychiatric examiners” to be present to conduct the exam and further provides that “[t]he court may authorize a psychiatrist or psychologist retained by the defendant to be present” (see CPL 730.20 [1]). There is no language in the statute permitting the People to be present during the examination. Nor is there any language in the statute which would permit the People to videotape the competency examination.
*601 Conversely, a distinct, but related section of the Criminal Procedure Law — section 250.10, which governs the procedure to be followed when the defendant intends to offer evidence of mental disease or defect as a defense at trial — explicitly allows the presence of both defense counsel and the district attorney during the psychiatric examination (CPL 250.10 [3]; see generally Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 444 [1971]). That statute also assumes that a “transcript or recording of the examination” may be made (CPL 250.10 [4]), when a court in its discretion decides that such a transcript or recording is warranted (see People v Santana, 80 NY2d 92, 99 [1992] [“(t)he decision of whether to require a transcript or recording ... is left to the discretion of the Trial Judge”]; People v Chung, 8 Misc 3d 321, 324 [Sup Ct, Westchester County 2005]). The primary reason for permitting counsel to be present during a CPL 250.10 psychiatric examination is to “make more effective [the] basic right of cross-examination” (Matter of Lee at 444) of the examining psychiatrist should that psychiatrist be called to testify at trial (id.; People v Perkins, 166 AD2d 737, 739 [1990]).
It is a general rule of statutory construction that when the law expressly allows for one thing, an inference must be drawn that what is omitted or not included was intended to be omitted or excluded (see McKinney’s Cons Laws of NY, Book 1, Statutes § 240; Arons v Jutkowitz, 9 NY3d 393 [2007]). Here, by enacting CPL 250.10 (3) — which explicitly allows the presence of both defense counsel and the district attorney during the psychiatric examination — and by enacting CPL 250.10 (4) — which explicitly allows a “recording” of the examination — the legislature demonstrated that it “knows how” (Chemical Bank v Levine, 91 NY2d 738, 742 [1998]) to provide for a lawyer’s presence and audio or video recording at psychiatric examinations. The legislature’s enactment of those provisions in CPL 250.10, together with the legislature’s failure to enact analogous, corollary provisions in CPL article 730, also demonstrates that the legislature chose not to so provide for a lawyer’s presence and/or recording at competency examinations conducted pursuant to CPL article 730 (see Statutes § 240; Arons, 9 NY3d 393; Chemical Bank v Levine, 91 NY2d 738 [1998]; Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363 [2005]). Given the foregoing legislative enactments, this court declines to read into the CPL article 730 statute a right on the part of the People to be present at, or to videotape, the competency examination of defendant. (See People v Chang Rong Zhao, 35 Misc 3d 439 [2012].)
*602 The lack of statutory authority aside, the goals achieved by permitting both defense counsel and the People to be present during a CPL 250.10 psychiatric examination — namely, to “make more effective [the] basic right of cross-examination” (Matter of Lee at 444) of the examining psychiatrist should that psychiatrist be called to testify at trial (id.; Perkins at 739)— would not be achieved by permitting the People to be present during a competency examination. The reason the goal would not be achieved, of course, is that the competency examiners would generally not be called as witnesses at a defendant’s trial (see CPL 730.20 [6] [“any statement made by (defendant) for the purpose of the examination or treatment shall be inadmissible in evidence against him in any criminal action on any issue other than that of his mental condition”]), and therefore the basic right of cross-examination at trial would not be breached. Unlike a CPL 250.10 psychiatric examination, the results of which are specifically contemplated to be offered, in one way or another, at trial, a CPL article 730 competency examination is a decidedly pretrial proceeding — a “due process bulwark against the spectacle of an insane person being forced to trial” (People v McNamee, 145 Misc 2d 187, 194 [Sup Ct, NY County 1989]). Indeed, in the case of a felony, a finding of incompetence by the court is not fatal to the prosecution but serves only as a delay of the proceedings (see CPL 730.50).
It is true, as the People contend, that CPL article 730 also does not contain any particular language permitting defense counsel to attend the examination, and yet defense counsel is routinely permitted to attend such exams. Notwithstanding the absence of such statutory language, however, there is appellate authority for allowing defense counsel’s presence at the competency exam. In People v Wood (64 AD2d 767 [3d Dept 1978]), for example, the defendant argued that his Sixth Amendment right to counsel was violated because his attorney was not given notice of the time and place of his competency examination pursuant to CPL article 730 in order that he might attend. The Appellate Division ruled that defendant had waived or failed to preserve the notice issue because he did not object to it until after his trial and conviction. The Court noted, however, that it “agree[d] that the attorney was entitled to the relevant information so that he could be present at the examination” (64 AD2d at 767).
The People, nevertheless, argue that fundamental fairness requires this court — in light of a court-made right for defense *603 counsel to be present — to find a similar right for the People to be present. While the People make a somewhat compelling argument for the fairness of their request, it is not for the judiciary (particularly at the level of a trial court) to second-guess the legislature (see Tzolis v Wolff, 10 NY3d 100 [2008]; Hurd v City of Buffalo, 34 NY2d 628 [1974]). To the extent that the People believe that the efficacy and the efficiency of the process would be aided by their presence at these examinations, their remedy lies with the legislature (see People v Lopez, 28 NY2d 148 [1971]; People v Jelke, 308 NY 56 [1954]). Short of their presence at the examination, however, the People are free to provide the examiners with any documents or information which may aid the examiners in reaching their conclusion as to a defendant’s fitness (see CPL 730.20 [1] [the examiners, in conducting their examination, “may employ any method which is accepted by the medical profession for the examination of persons alleged to be mentally ill”]).
Finally, the People ask this court to follow a recent unreported decision, People v Camara (Sup Ct, NY County, 2012, index No. 5758/11), which held that the People were permitted to videotape a competency examination to aid the court in making its required competency findings, where the defense had also served notice pursuant to CPL 250.10. To the extent that Camara holds that the People have the right to videotape such competency examinations, this court declines to follow that ruling for the reasons stated above.

 The People’s motion was filed after defense counsel, who originally consented to the People’s presence at the competency examination, later withdrew his consent.