Hillsborough-southern judicial district
No. 2011-570

# THE STATE OF NEW HAMPSHIRE

## v.

# DANIEL CASANOVA

Argued: November 28, 2012
Opinion Issued: February 13, 2013

*Michael A. Delaney,* attorney general (*Susan P. McGinnis,* senior assistant attorney general, on the brief and orally), for the State.

*Dorothy E. Graham,* assistant appellate defender, of Concord, on the brief and orally, for the defendant.

CONBOY, J. Following a jury trial in Superior Court (*Colburn,* J.), the defendant, Daniel Casanova, was convicted of attempted kidnapping, *see* RSA 629:1 (2007); RSA 633:1 (2007), and attempted aggravated felonious sexual assault (attempted AFSA), *see* RSA 629:1; RSA 632-A:2 (Supp. 2012). On appeal, he argues that: (1) he was denied a unanimous jury verdict on the attempted AFSA charge; and (2) he was entitled to a dismissal of the attempted kidnapping charge based upon the "merger doctrine." We affirm in part and reverse in part.

The jury could have found the following facts. On July 12, 2010, A.T., the seven-year-old female victim, and her younger sister were playing on the porch outside of their home in Nashua. A.T. was wearing a bathing suit. Across the street there is a bicycle path, portions of which are obstructed from view by trees and other vegetation. While A.T. was playing, she saw a man, later identified as the defendant, on a bicycle at the end of her driveway. The defendant told A.T. and her sister to "come over." Believing that she knew him, A.T. approached the defendant.

The defendant led A.T. across the street, along the bicycle path, and into a small clearing adjacent to the path. The distance between A.T.'s home and the clearing is approximately 207 feet. Once in the clearing, the defendant pulled A.T.'s bathing suit bottom down to her feet. A.T. immediately pulled

up her bathing suit bottom and started to leave. The defendant then reached out and touched her hand before she left; however, A.T. was able to "get away" and return to her home. Once at home, A.T. informed her mother about what had occurred.

The defendant was subsequently arrested and charged with attempted AFSA and attempted kidnapping. Following a jury trial, he was convicted of both charges. This appeal followed.

█ The defendant first argues that the trial court denied him a unanimous verdict on the attempted AFSA charge. The attempted AFSA indictment alleged, in pertinent part:

> [T]hat [the defendant], with the purpose that the crime of [AFSA] be committed against a child under the age of 13, escorted A.T. (born in 2003) to an isolated wooded area and pulled down her bathing suit bottom, which, under the circumstances as he believed them to be, constituted a substantial step toward the commission of the crime . . . .

Pursuant to RSA 632-A:2, a person is guilty of AFSA against a child under the age of thirteen if he either engages in sexual penetration with the child, *see* RSA 632-A:2, I(l), or "intentionally touches whether directly, through clothing, or otherwise, the genitalia of [the child] under circumstances that can be reasonably construed as being for the purpose of sexual arousal or gratification," RSA 632-A:2, II.

At trial, the defendant argued that the jury was required to unanimously agree which act — penetration or touching for sexual gratification — he intended to commit. The trial court rejected this argument and instructed the jury that they "must all agree that the Defendant intended to either engage in sexual penetration of the other person or in the touching of the other person's genitalia under circumstances that can be reasonably construed as being for the purpose of sexual arousal or gratification." The defendant argues that this instruction allowed the jury to convict him without being unanimous as to the elements constituting attempted AFSA because the two variants of AFSA require different elements. We disagree.

█ Juries must be unanimous only as to each element of an offense. *See* RSA 625:10 (2007); *see also State v. Munoz*, 157 N.H. 143, 147 (2008). Here, the defendant was charged with and convicted of attempted AFSA. Attempt is an inchoate crime that is considered a substantive offense in and of itself. *Munoz*, 157 N.H. at 147. The attempt statute requires the State to identify the intended offense but does not require the State to plead and prove the elements of the intended offense. *State v. Johnson*, 144 N.H. 175, 178 (1999). Statutory variants of AFSA are not elements of the crime of

attempted AFSA. *See id.* at 179. Because penetration and touching for sexual gratification are statutory variants of AFSA, *see id.* at 178-79, the jurors were not required to unanimously find which specific act the defendant intended to commit; it was sufficient that they unanimously concluded that the defendant intended to commit either variant. Therefore, we hold that the trial court's jury instruction did not deprive the defendant of a unanimous verdict.

Next, the defendant argues that the trial court erred by denying his motion to dismiss the attempted kidnapping charge. He contends that the "merger doctrine" prohibits his conviction for attempted kidnapping because the evidence failed to show that he attempted to confine A.T. in a manner independent of his efforts to commit attempted AFSA.

█ A person commits the crime of attempted kidnapping when, "with a purpose that [kidnapping] be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime" of kidnapping. RSA 629:1; *State v. Bean*, 153 N.H. 380, 386 (2006). One commits the crime of kidnapping "if he knowingly confines another under his control with a purpose to: . . . [c]ommit an offense against h[er]." RSA 633:1, I(d).

█ The Criminal Code does not limit the nature of the confinement necessary to satisfy RSA 633:1. Consequently, an act of confinement could overlap with the elements of other crimes, including sexual assault and robbery, because "detention and sometimes confinement, against the will of the victim, frequently accompany these crimes." *People v. Levy*, 204 N.E.2d 842, 844 (N.Y. 1965). "It is a common occurrence in robbery, for example, that the victim be confined briefly at gunpoint or bound and detained, or moved into and left in another room or place." *Id.* However,

> [i]t is unlikely that these restraints, sometimes accompanied by asportation, which are incidents to other crimes and have long been treated as integral parts of other crimes, were intended by the Legislature in framing its broad definition of kidnapping to constitute a separate crime of kidnapping, even though kidnapping might sometimes be spelled out literally from the statutory words.

*Id.*

█ To rectify this overlap, we recently adopted the "merger doctrine." *See State v. Brooks*, 164 N.H. 272, 294-95 (2012). "The merger doctrine, in this context, prohibits a conviction for kidnapping based upon acts that fall within the definition of that crime but are merely incidental to another

crime." *Id.* at 294 (quotation omitted). This doctrine is one of fairness, *see id.* at 296, prohibiting "distortion of lesser crimes into much more serious crimes by excess of prosecut[orial] zeal." *People v. Thomas*, 457 N.Y.S.2d 187, 189 (Sup. Ct. 1982). The doctrine, however, is not "designed to merge 'true' kidnappings into other crimes merely because the kidnappings were used to accomplish ultimate crimes of lesser or greater gravity." *Id.* "Whether restraint and movement are merely incidental to another crime or support kidnapping as a separate crime is a fact-specific determination based on the totality of the circumstances." *Brooks*, 164 N.H. at 295 (quotation omitted).

The attempted AFSA indictment here alleged two acts: (1) escorting A.T. into an isolated wooded area; and (2) pulling down her bathing suit bottom. The defendant's attempted kidnapping indictment alleged that:

> [The defendant] did commit the crime of [attempted kidnapping], in that [he], with the purpose that the crime of Kidnapping be committed and the purpose to commit an offense against A.T. (born in 2003), knowingly attempted to confine A.T. under his control and did not voluntarily release her, by *taking her to an isolated wooded area, pulling down her bathing suit bottom, and grabbing her arm when she tried to get away*, which, under the circumstances as he believed them to be, constituted a substantial step toward the commission of the crime of Kidnapping.

(Emphasis added.) At trial, the evidence generally supported the facts as alleged in the indictments, with one exception: A.T.'s testimony revealed that the defendant did not grab her arm, but instead reached out and touched her hand before she left the wooded area.

The defendant argues that the merger doctrine applies because both charges comprise virtually the same conduct. The defendant contends that the evidence of his reaching out and touching A.T.'s hand bears only on the alleged attempt to commit AFSA.

■ Preliminarily, the State argues that the defendant has neither preserved nor adequately briefed the merger issue. This argument is not supported by the record. Below, the defendant moved to dismiss, arguing that the attempted kidnapping charge was not independent of the attempted AFSA charge. The court heard argument from both parties on the issue and ultimately denied the defendant's motion. As a result, the issue is preserved for review. *See State v. Ayer*, 150 N.H. 14, 21 (2003) ("When trial courts have an opportunity to rule on issues and to correct errors before they are presented to the appellate court, the preservation requirement is satisfied."). Further, in his brief, the defendant makes specific reference to

the "merger doctrine" and argues that the attempted kidnapping charge was not sufficiently independent of the attempted AFSA charge to constitute a separate offense.

■ The touchstone under the merger doctrine is "whether the abduction is so minimal, incidental and inseparable from the underlying crime that it does not fairly constitute a separate crime of kidnapping." *People v. Blair*, 808 N.Y.S.2d 500, 501 (App. Div. 2006). In *Blair*, the victim was jogging along a secluded path when the defendant struck her with a stick, pushed her toward an adjacent wooded area, momentarily restrained her, and told her that she would die. *See id.* The defendant was charged and convicted of attempted kidnapping, attempted murder, and assault. *See id.* On appeal, the court concluded that the merger doctrine required reversal of the attempted kidnapping conviction because the defendant's acts of pushing the victim a short distance, grabbing her legs, and restraining her momentarily were "minimal and part of the assault and attempted murder." *Id.*

Similarly, in *People v. Wood*, the defendant "march[ed] [a] couple down a deserted road about 150 to 200 feet." *People v. Wood*, 407 N.Y.S.2d 271, 271 (App. Div. 1978). "At that point[,] when the couple resisted . . . , he attacked them with [a] knife." *Id.* The defendant was charged with and convicted of two counts each of attempted murder, kidnapping, robbery, assault, and one count of grand larceny. *See id.* at 271-72. On appeal, the court overturned the defendant's kidnapping conviction based on the merger doctrine because it concluded that the defendant's actions in restraining the two victims were "intended to enable him to accomplish his overall criminal scheme." *Id.* at 272.

■ Here, we conclude that the defendant's attempt to confine A.T. was incidental and inseparable from his attempt to commit AFSA. As in *Blair*, the defendant's act of touching A.T's hand was "minimal," *see Blair*, 808 N.Y.S.2d at 501, and occurred only moments after A.T. pulled up her bathing suit bottom. *See generally People v. Cruz*, 745 N.Y.S.2d 528, 531 (App. Div. 2002) (where restraint and underlying crime are essentially simultaneous, merger will be found). Further, the State relied upon the fact that the defendant led A.T. approximately 207 feet from her home to prove both charges. Thus, as in *Wood*, the defendant's actions in attempting to confine A.T. were in furtherance of the attempted AFSA, supporting a conclusion that the attempted kidnapping was solely "intended to enable [the defendant] to accomplish his overall criminal scheme." *Wood*, 407 N.Y.S.2d at 272.

■ The State argues that the merger doctrine does not apply to attempted kidnapping, but only to the "substantive" crime of kidnapping. We disagree. We find no support for the argument that the merger doctrine, in this context, does not apply to inchoate crimes. In fact, the court in *Blair* applied the merger doctrine to the inchoate offense of attempted kidnapping. *See Blair*, 808 N.Y.S.2d at 501. Additionally, the purpose of the merger doctrine — prohibiting a kidnapping conviction for confinement that is merely incidental to another crime — is arguably even more germane in the case of attempted kidnapping, where actual confinement need not be proven. *See Levy*, 204 N.E.2d at 844.

The State next asserts that the merger doctrine does not apply because the State did not have to prove that the defendant attempted to confine A.T. for the purpose of committing an offense against her. *See* RSA 633:1, I(d). Alternatively, the State maintains that even if it had such a burden, it proved that the defendant intended to commit the offense of witness tampering. Our merger analysis here, however, compares the attempted restraint alleged in the attempted kidnapping charge with the actions supporting the attempted AFSA charge. That the State was not required to prove the elements of kidnapping under RSA 633:1, I(d) to sustain the charge of attempted kidnapping is irrelevant to our analysis.

Finally, the State contends that because the AFSA and kidnapping statutes are intended to prohibit different types of criminal activity, the trial court did not err in failing to apply the merger doctrine. However, by adopting the merger doctrine, we recognized that it is unlikely the Legislature intended to criminalize restraint that is integral to other crimes, "even though kidnapping might sometimes be spelled out literally from the statutory words." *Levy*, 204 N.E.2d at 844. Thus, under our analysis, it is irrelevant whether the statutes are intended to prohibit different types of criminal activity.

We hold that the trial court erred by denying the defendant's motion to dismiss the attempted kidnapping charge based upon the merger doctrine. Accordingly, we reverse the defendant's attempted kidnapping conviction.

■ Any issues raised in the defendant's notice of appeal but not addressed in his brief are deemed waived. *See State v. Locke*, 149 N.H. 1, 12 (2002).

*Affirmed in part and reversed in part.*

DALIANIS, C.J., and HICKS and BASSETT, JJ., concurred.